Reverend Garnett HENNING, Sr., and Reverend Richard C. Hause, Jr., Plaintiffs–Appellants,

v.

BOARD OF ELECTION COMMISSIONERS OF ST. LOUIS COUNTY, and Albert E. Schoenbeck, Chairman, and Robert H. Pape, Frank A. Bussmann, and Jane E. Woods, Members of the Board of Election Commissioners of St. Louis County, in their capacity as Chairman and Members, and St. Louis County, Defendants–Respondents.

No. 56547.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 28, 1989.

Lewis C. Green, Bruce A. Morrison, St. Louis, for plaintiffs-appellants.

Andrew J. Minardi, Asst. County Counselor, Steven W. Garrett, Curtis, Bamburg, Oetting, Brackman and Crossen, St. Louis, for defendants-respondents.

SIMON, Chief Judge.

Appellants, Reverend Garnett Henning, Sr. and Reverend Richard C. Hause, Jr., appeal from a judgment of dismissal entered in favor of respondents, Board of Election Commissioners of St. Louis County, the Chairman and Members of the Board, and St. Louis County. Appellants raise two points on appeal: (1) the trial court erred in dismissing their first amended petition because the petition states a claim that is not barred by the election contest statute; and (2) the controversy between appellants and respondents is not moot, because an ongoing justiciable controversy continues to exist in that St. Louis County is continuing its attempt to impose a capital improvement sales tax. Respondents have filed a motion to dismiss the appeal, which we take with this case. Finding the controversy moot, we grant respondents' motion to dismiss the appeal.

■ Only a brief recitation of the facts is necessary. Because this appeal was taken from the trial court's granting of a motion to dismiss, we examine the pleadings, allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to appellants. *Shockley v. Harry Sander Realty Co.*, 771 S.W.2d 922, 924[1, 2] (Mo.App. 1989).

On December 1, 1988, the St. Louis County Council passed, pursuant to the authority of § 67.701 RSMo Supp.1988, Ordinance No. 14191 which called for an election on February 7, 1989 to submit a capital improvement sales tax proposition to the qualified voters of St. Louis County. The County Executive approved the ordinance on December 5, 1988.

On January 4, 1989, appellants filed a petition for declaratory judgment and injunctive relief against the Board of Election Commissioners of St. Louis County, the Chairman and Members of the Board, and St. Louis County. An application for a temporary restraining order was heard and denied on January 5, 1989. Thereafter, on January 6, 1989, appellants filed their first amended petition seeking: (1) injunctive relief against the expenditure of public funds relating to the February 7, 1989 election; (2) a declaration that § 67.701 RSMo Supp. 1988 is invalid and violates Article VI, § 30(b) of the Missouri Constitution to the extent that it provides that a share of the proceeds from a capital improvement sales tax is to be devoted to stormwater control projects; (3) a declaration that Ordinance No. 14191 is invalid and of no effect "in that no capital improvement sales tax has been imposed, and even if one had been imposed the ballot of submission as set forth in the ordinance fails to contain the language required by § 67.701, R.S.Mo., the ordinance and the ballot of submission set forth a multiplicity of capital improvement purposes for the sales tax, the ordinance and the ballot of submission are too vague in their designation of capital improvement purpose, the ballot of submission is false and misleading, and the ballot of submission contains unlawful electioneering;" (4) a declaration that the "capital improvements sales tax, if it should go into effect, will be invalid for all the foregoing reasons, and the further reason that it will violate Article X, § 22(a) of the Missouri Constitution, in that it will not have been approved by the voters in a lawful election conducted in accordance with law, free

from unlawful electioneering and interference with the voters;" and (5) litigation expenses and such other relief the trial court might deem necessary.

On January 17, 1989, the trial court sustained respondents' motion to dismiss, finding that the only justiciable issue was whether Ordinance 14191 was invalid because of false, misleading, and confusing language. The trial court concluded that "the language on the ballot is the only contest and that under existing laws of this State, the remedy is post-election and the relief sought by [appellants] is premature and will not stand."

Appellants filed a notice of appeal to the Missouri Supreme Court on January 18, 1989. An election was held in St. Louis County on February 7, 1989, and the capital improvement sales tax proposal was defeated. Thereafter, our Supreme Court transferred this case to us, stating that: "Now at this day on the Court's own motion it is ordered and adjudged that the above entitled cause be, and it is hereby, transferred to the Missouri Court of Appeals, Eastern District, in which jurisdiction is vested."

■ A case becomes moot if a judgment rendered would have no practical effect upon a then existing controversy. *Gilroy–Sims and Associates v. City of St. Louis*, 697 S.W.2d 567, 569[1,2] (Mo.App.1985). "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered becomes merely a hypothetical question." *Id.*

Here, Ordinance No. 14191 provided for an election to be held on February 7, 1989 for the purpose of submitting a capital improvement sales tax proposition to the qualified voters of St. Louis County. The ordinance contained the disputed ballot language submitted to the voters. Appellants sought a declaration invalidating the ordinance, the capital improvement sales tax proposition, and § 67.701 RSMo Supp.1988, the enabling legislation pursuant to which

Ordinance No. 14191 was enacted. After the February 7, 1989 election, the capital improvement sales tax proposition was defeated, and the ordinance ceased to be effective. Any allegations of error regarding Ordinance No. 14191 enacted pursuant to the authority of § 67.701 RSMo Supp.1988 became moot after the election was held and the proposition was defeated for there is no longer a live case or controversy in existence. Therefore, since Ordinance No. 14191 was a single purpose ordinance providing for a single election which was held, the capital improvements sales tax proposition may be capable of repetition, yet will not evade review. Before that proposition is resubmitted to the voters, another ordinance must be enacted. During oral argument, counsel for appellants lent support for our conclusion by giving the following answers to questions posed by this court:

Q. If you wanted to resubmit this question, would there not have to be a new ordinance enacted? . . .

A. I think that's right, your Honor.

Q. So that this ordinance did not survive the election in any event.

A. Not in my view.

As we stated in *Gilroy–Sims*, appellate courts do not sit as moot courts determining speculative issues for the benefit of some other case at some other time. *Id.* at 569[1, 2].

Appeal dismissed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.