**Mary Jeanette HAGGARD d/b/a Jenny's Housecleaning, and Jenny's Housecleaning, Inc., Appellants,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. SC 88577.**

Supreme Court of Missouri, En Banc.

Nov. 20, 2007.

Joel I. Krieger, Kansas City, MO, for Appellants.

Marilyn Green, Division of Employment Security, Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, MO, for Respondent.

Thomas M. Larson, Deputy United States Atty., Kansas City, MO, Peter D. Keisler, John F. Wood, Catherine L. Hanaway, Douglas N. Letter, Jeffrica Jenkins Lee, Washington, D.C., for Amicus Curiae.

MARY R. RUSSELL, Judge.

Mary Jeanette Haggard, doing business as Jenny's Housecleaning and Jenny's Housecleaning, Inc. (collectively "Haggard"), appeals the decision of the Labor and Industrial Relations Commission ("LIRC") finding that her workers were employees who were paid "wages" under Missouri employment security law. This Court took transfer of the case after opinion by the court of appeals. Mo. CONST. art. V, sec. 10. The question before this Court is whether DES's representation by a non-lawyer in its employment security proceedings violates Rule 5.29(c) and voids the decision. Although this Court finds that DES was improperly represented, there is no error in the LIRC's decision and it is affirmed.

## I. Background

Haggard owns a residential housecleaning service. She engages others to work in the business as house cleaners. In 2005, the Division of Employment Security ("DES") determined that the monies Haggard paid her workers in performance of cleaning services were "wages" covered by Missouri's employment security law.[1] As such, the DES determined that Haggard was subject to payment of employment taxes. Haggard appealed to DES's appeals tribunal, where she appeared with counsel. DES was represented in the appeal by a non-lawyer managerial employee. The appeals tribunal affirmed DES's decision, and Haggard appealed to the LIRC. The LIRC affirmed, and Haggard seeks review of its decision.

## II. Standard of Review

Article V, section 18 provides for judicial review of the LIRC's decision to determine if it is "supported by competent and substantial evidence upon the whole record." Section 288.210, RSMo 2000,[2] provides for judicial review of employment security decisions and states in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210.

## III. Was DES required to be represented by an attorney?

Initially, Haggard maintains that the LIRC erred in affirming the DES appeals tribunal's decision because DES was improperly represented by a non-lawyer managerial employee. She argues that this DES employee violated the prohibition against the unauthorized practice of law when he asked questions of witnesses and made a closing statement on DES's behalf. She contends that DES was required to be represented by a lawyer because it is not the type of entity to which Rule 5.29(c) provides an exception for the unauthorized practice of law. She asserts that the tribunal's decision is void and should be set aside because DES was improperly represented.

### A. Preventing the Unauthorized Practice of Law

■ This Court regulates the practice of law and, although the General Assembly cannot interfere with this Court's power to determine what is the unauthorized practice of law, the legislature has provided penalties for acts determined to be the unauthorized practice of law. *Reed v. Labor and Indus. Relations Comm'n*, 789

---

1. The DES issued Haggard two separate decisions, one relating to monies paid before her business was incorporated and one relating to payments made post-incorporation. These decisions were considered together on appeal, and this Court similarly considers the decisions as consolidated.

2. Unless otherwise indicated, all statutory references in this opinion are to RSMo 2000.

S.W.2d 19, 20 (Mo. banc 1990); see section 484.010.[3] This Court has said:

> One is engaged in the practice of law when he, for a valuable consideration appears in a representative capacity as an advocate in proceedings pending or prospective, before any court, commissioner, referee, board, body, committee, or commission constituted by law or authorized to settle controversies, and there, in such representative capacity, performs any act or acts for the purpose of obtaining or defending the rights of their clients under the law.

*Reed,* 789 S.W.2d at 21 (internal citations omitted).

■ The unauthorized practice of law is prohibited so that the public is protected for provision of services deemed to require special fitness and training by those not having needed legal qualifications. *Bray v. Brooks,* 41 S.W.3d 7, 13 (Mo.App.2001). One cannot consent to the unauthorized practice of law, such that there can be no waiver of protections of section 484.010. *See id.*

## B. DES must be represented by counsel before its appeals tribunal

■ This Court promulgated Rule 5.29 to address the unauthorized practice of law, but carved out an exception for representation in employment security proceedings. Rule 5.29(c) provides:

> In any employment security proceeding before the state division of employment security, a corporation, partnership or other business entity authorized by law may be represented by an officer of the entity or a person in the full time employment of the entity in a managerial capacity who shall be afforded the opportunity to participate in the proceeding.

Rule 5.29(c).[4]

At issue in Haggard's case is whether DES is included under Rule 5.29(c)'s exception permitting non-lawyer representation in employment security proceedings. DES contends that it may be considered a "business entity" under Rule 5.29(c), such that it need not be represented by legal counsel in its employment security cases. It asserts that it has been effectively represented by non-lawyer managerial employees for many years.

The express language of Rule 5.29(c) provides an exception for only a "corporation, partnership or other business entity authorized by law." DES is not a "business entity authorized by law"—it is a state agency. As such, DES is not entitled to be represented by a non-lawyer employ-

---

**3.** Section 484.010 reads:

> 1. The **"practice of the law"** is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.
> 2. The **"law business"** is hereby defined to be and is the advising or counseling for a valuable consideration of any person, firm,

association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever.

**4.** Similarly, Rule 5.29(b) provides that individuals in employment security matters may be self-represented or represented by "a duly authorized agent."

ee pursuant to Rule 5.29(c) at any of its proceedings.[5]

## C. Failure to object to use of non-attorney

■ The parties disagree what effect DES's lack of attorney representation has on Haggard's case. Haggard asserts that the LIRC was without jurisdiction and its decision was void under *Reed* because DES was not represented by counsel before the appeals tribunal. DES maintains that the LIRC's jurisdiction was not defeated because DES was represented by a non-lawyer.

In *Reed,* this Court held that a corporation was required to be represented by an attorney in an unemployment compensation benefits case before the LIRC. 789 S.W.2d at 23. This Court stated that matters pending at the time the *Reed* opinion was issued would be unaffected, but new filings that were filed by non-attorneys would be considered untimely filed and null and void. *Id. Reed* opined that the LIRC should have rejected any applications for review by non-lawyers. *Id.* at 23–24. This Court's decision in *Reed* was followed by the promulgation of Rule 5.29(c), such that corporations may now be represented by non-lawyers in employment security matters.

This case is distinguishable from *Reed* because the application for review in this case was filed by Haggard's counsel, not by the party who was represented by a non-lawyer. Even were that not the case, however, this Court is not persuaded by Haggard's assertions that the LIRC's deci-

sion is null and void pursuant to *Reed.* This Court rejects any interpretation of *Reed* that suggests DES's failure to comply with Rule 5.29(c) is a jurisdictional issue. To the extent that *Reed* suggests that a judgment is null and void solely because a party to the decision was represented by a non-lawyer, it is no longer to be followed. Contrary to Haggard's assertions, nothing mandates dismissal of this action because DES was improperly represented by a non-lawyer unless the error was raised and preserved.

During her hearing, Haggard made no objection to DES's representation by its non-lawyer managerial employee. Haggard's counsel only raised concerns that the DES employee would serve as DES's representative at the hearing as well as its chief witness. Haggard did not raise the issue of the employee's non-lawyer status until she sought judicial review of the LIRC's decision. Her failure to object at the time of the hearing waived this issue.[6] She is not entitled to relief in her employment security case because DES was not properly represented.

Haggard also cites to *Bray,* 41 S.W.3d at 13, for the proposition that the unauthorized practice of law is not subject to waiver, consent, or lack of objection by the victim. The objection in this case, however, is not from the victim. DES claims it is unaffected by its failure to have a lawyer at Haggard's hearing. Consequently, in this case there are not concerns about undermining the purposes behind the prohibitions against the unauthorized practice of law. In any event, since representation by one not authorized to practice law is not

---

5. While DES is not entitled to the exemptions provided in section 5.29(c), nothing prevents a DES non-lawyer employee from participating in an employment security matter to the extent that participation does not constitute acts within the definition of the "practice of law." *See* section 484.010.1.

6. Nothing in this opinion should be read to permit parties to agree to waive representation by a lawyer when such representation would be a violation of Rule 5.29.

jurisdictional and does not render a decision void, if it is not raised and preserved, it is waived.

## IV. Was the LIRC's decision supported by competent and substantial evidence?

■ Haggard argues that the LIRC erred in finding that her workers were employees and not independent contractors.

Section 288.034.5, RSMo Supp.2006, provides:

Service performed by an individual for remuneration shall be deemed to be employment subject to [Missouri's employment security] law unless it is shown to the satisfaction of the division that such services were performed by an independent contractor. In determining the existence of the independent contractor relationship, the common law of agency right to control shall be applied. The common law of agency right to control test shall include but not be limited to: if the alleged employer retains the right to control the manner and means by which the results are to be accomplished, the individual who performs the service is an employee. If only the results are controlled, the individual performing the service is an independent contractor.

Haggard complains that the LIRC ignored "admissions" by DES's witness that support her arguments that her workers are independent contractors. Haggard highlights many of the witness's responses that followed questions by Haggard's counsel about whether workers could be classified as independent contractors *if* certain factors were considered. For example, Haggard's counsel suggested that *if* the workers were untrained "that militates work as an independent contractor" and DES's witness responded, "Yes." This Court's review of the testimony reveals that DES's witness made no judicial admissions that should be attributed to DES to find that Haggard's workers were independent contractors.

DES determines whether a worker is an employee or an independent contractor pursuant to 8 CSR 10–4.150(1) and section 288.034.5. It considers 20 factors derived from federal law to determine whether sufficient control is present to establish an employer-employee relationship. *See K & D Auto Body, Inc. v. DES*, 171 S.W.3d 100, 105 (Mo.App.2005).[7] Utilizing these factors, the evidence that Haggard's workers were her employees included: she provided the workers instructions and training;[8] the workers' services were integrated into her business operations; she determined what jobs the workers would do; and she

7. These factors include: (1) instructions; (2) training; (3) integration; (4) services rendered personally; (5) hiring, supervising, and paying assistants; (6) continuing relationship; (7) set hours of work; (8) full time required; (9) doing work on employer's premises; (10) order or sequence set; (11) oral or written reports; (12) payment by hour, week, month; (13) payment of business and/or traveling expenses; (14) furnishing of tools and materials; (15) significant investment; (16) realization of profit or loss; (17) working for more than one firm at a time; (18) making service available to general public; (19) right to discharge; and (20) right to terminate.

*K & D*, 171 S.W.3d at 105 (internal citations omitted).

8. Haggard argues at length that her workers were not her employees because she did not control their work performance, but instead only inspected the results of their work. These assertions are undermined by evidence showing that Haggard developed at least two documents outlining instructions for workers to follow when cleaning for her. The instructions included details like what cleaning supplies should be utilized and where they should be used, the frequency for cleaning doors and baseboards, how lunch breaks should be taken, and topics not to discuss with customers.

provided the workers company t-shirts and cleaning supplies. DES found that ten of the 20 factors it considers indicated an employer/employee relationship, six factors indicated an independent contractor status, and four factors were neutral.

There is no magic formula for determining how many factors must weigh in favor of an employee relationship. *K & D*, 171 S.W.3d at 106.[9] The question for this Court is whether there was substantial evidence to support the LIRC's finding that the workers were Haggard's employees. DES presented ample evidence in support of its position that the workers were Haggard's employees. This Court finds the LIRC's decision was supported by the evidence and will not disturb its findings.

### V. Did the appeals referee act impermissibly?

 Haggard argues that the appeals tribunal referee acted beyond the scope of an impartial judge by asking questions of witnesses and seeking admission of documents.

The hearing officer must ensure that the facts of the case are sufficiently developed to make a decision on the issues. *See Smith v. LIRC*, 656 S.W.2d 812, 818–19 (Mo.App.1983). 8 CSR 10–5.015(10)(A) provides, in relevant part: "The hearing officer shall review the issues presented and set forth the procedures to be followed during the hearing. . . . The hearing officer may examine all parties and witnesses and shall determine the order of testimony and procedure for each hearing."

The hearing tribunal referee acted properly in questioning witnesses and obtaining documents for review before deciding Haggard's case. Haggard's assertions to the contrary are without merit.

### VI. Conclusion

Finding no error, the LIRC's decision is affirmed.

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, LIMBAUGH and WOLFF, JJ., and HOUSE, Sp.J., concur.

BRECKENRIDGE, J., not participating.

---

**9.** *K & D* states:
The factors are not intended to serve as a bright-line rule with no flexibility, but rather they are indices of control to assist the employer in attempting, for tax purposes, to determine the common law employment status of its workers. Not every factor is applicable in every situation, and each case is decided on the basis of its own facts.

The degree of importance attached to each factor varies depending on the type of work and individual circumstances, and the relevant factors should be considered in inquiring about employment status with no one factor being decisive.
171 S.W.3d at 106 (internal citations omitted).