

# Missouri Court of Appeals

## Southern District

### Division One

IN RE:                                                  )
Claim for benefits of PAUL HOWARD,                      )
under the Missouri Employment Security Law,             )
                                                        )
            Claimant,                                   )
                                                        )
        vs.                                             )       No. SD33251
                                                        )       Filed: September 24, 2014
JOPLIN STONE COMPANY,                                   )
                                                        )
            Employer/Respondent,                        )
                                                        )
and MISSOURI DIVISION                                   )
OF EMPLOYMENT SECURITY,                                 )
                                                        )
            Appellant.                                  )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **APPEAL DISMISSED**

This appeal arises out of a claim for unemployment benefits by claimant Paul Howard ("Claimant"), which was contested by his employer, Joplin Stone Company ("Joplin Stone"). After an initial determination that Claimant was not disqualified from receiving benefits for misconduct, Joplin Stone appealed the deputy's determination utilizing the form from the Missouri Division of Employment Security ("Division"), supplemented by an appeal letter submitted by Michelle Brown ("Brown"), who was identified as the "Human Resource Manager" for Joplin Stone.

Subsequently, the Appeals Tribunal determined that Joplin Stone did not file a lawful appeal because the appeal was "drafted, signed, and filed by an employee of Springfield Underground, Inc.; a different employer subject to the Missouri Employment Security law[,] [and that] appeal was not filed by an officer or employee of Joplin Stone Company; the employer that employed the claimant."[1] The Appeals Tribunal did not reach the merits of whether Claimant was disqualified from receiving benefits.

Joplin Stone then filed an Application for Review before the Labor and Industrial Relations Commission ("Commission"), which reversed the Appeal Tribunal's decision and held that Joplin Stone did file a lawful appeal, and that Claimant was not disqualified from benefits.

In a single point relied on, the Division asserts that the Commission erred in finding that the appeal was lawfully filed because Brown, who filed Joplin Stone's notice of appeal to the Commission, was not an officer or full-time managerial employee of Joplin Stone, and that this attempt at appeal constituted the unauthorized practice of law so that any appeal was void.

We conclude the Division has no standing to assert this appeal. The parties do not raise the issue of standing, but "[c]ourts have a duty to determine if a party has standing prior to addressing the substantive issues of the case. For this reason, [a challenge to] standing cannot be waived." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012) (quoting *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002)). A party seeking relief has the burden to establish that it has standing to maintain its claim. *Borges v. Missouri Public Entity Risk Management Fund*, 358 S.W.3d 177, 181 (Mo.App. W.D. 2012). Whether a party has standing is an issue of law we review *de novo*. *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011).

---

[1] Springfield Underground, Inc., is the parent company of Joplin Stone.

2

The Division appropriately cites section 288.210[2] as the standard of review before this Court when examining a decision of the Commission. Section 288.210 provides that "the director or any party aggrieved" by a decision of the Commission may appeal that decision. The key language in this section is that a party must be "aggrieved" by the decision of the Commission. Here, there is no doubt that the Division is an appropriate party. However, the Division has not been aggrieved by this decision.

In *Bydalek v. Brines*, 29 S.W.3d 848 (Mo.App. S.D. 2000), this Court noted that a party is "aggrieved"

> when the judgment operates prejudicially and directly on a party's personal or property rights or interests and such effect is an immediate and not merely a possible remote consequence. . . . [A]n examination of the whole body of case law on this subject impels the conclusion that whether or not a [party] is 'aggrieved' may not be determined by application of any definition or formula but depends upon the circumstances of the particular situation at hand.

*Id.* at 852 (internal quotations and citations omitted) (footnote omitted) (alternation in original).

Here, the Division has urged us to conclude that it has standing to pursue this appeal, and is aggrieved because it must dismiss appeals if they are not presented appropriately by a licensed attorney or a representative.[3] The Division takes this position although Rule 5.29(c)[4] provides:

> In any employment security proceeding before the state division of employment security, a corporation, partnership or other business entity authorized by law may be represented by an officer of the entity or a person in the full time employment of the entity in a managerial capacity who shall be afforded the opportunity to participate in the proceeding.

Rule 5.29(c).

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

[3] While not decisive here, we note that our Supreme Court has held that the representation of a party by a non-lawyer in an unemployment compensation claim is not jurisdictional, and any objection to the representation not timely levied and preserved is waived. *Haggard v. Division of Employment Sec.*, 238 S.W.3d 151, 157 (Mo. banc 2007).

[4] All rule references are to Missouri Court Rules (2014).

The Division's contention is not to vindicate a right it has as a party. Instead, the Division argues that this appeal was lodged to purportedly protect attorneys employed by the Division from anticipated discipline by the Office of the Disciplinary Counsel. However, the Division fails to cite authority or otherwise persuade us that it has standing to assert an interest that only affects the adjudicative personnel who decide unemployment claims. During oral argument, counsel for the Division admitted there were other alternatives to accomplish that function as opposed to an appeal as presented by this record.

We find the Division has no stake in this outcome and is not aggrieved by this decision.[5] The Division has no standing. Appeal dismissed.

WILLIAM W. FRANCIS, JR., C.J./P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – Concurs

DANIEL E. SCOTT, J. – Concurs

---

[5] If we were to entertain the Division's appeal on its merit, the record discloses that a lawful appeal was presented. The Claimant, who received his unemployment benefits and did not file an appeal here, testified that Brown was Joplin Stone's human resources manager, he was discharged by her, and other substantial evidence was presented that she was engaged to perform, or assist in performing, her work for Joplin Stone in a managerial capacity.