

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| MICHELE PINKOWSKI, | ) | No. ED101581 |
| | ) | |
| Claimant/Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| WASHINGTON UNIVERSITY, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | Filed:  December 30, 2014 |
| | ) | |
| Appellant. | ) | |

### Introduction

This appeal arises out of a claim for unemployment benefits filed by Michele Pinkowski (Claimant), which was contested by her employer, Washington University (Employer).  After an initial determination that Claimant was not disqualified from receiving benefits, Employer filed a notice of appeal with the Appeals Tribunal, contesting the claim.  The Appeals Tribunal found that Employer's appeal was not lawfully filed and dismissed the appeal without reaching the merits of whether Claimant was disqualified for benefits.  Employer filed an application for review with the Labor and Industrial Relations Commission (Commission).  After reviewing the case, the Commission issued a decision, reversing the Appeals Tribunal's dismissal, and

affirming the deputy's determination that Claimant was not disqualified from receiving benefits. On appeal, the Division of Employment Security (Division) claims the Commission erred in reversing the Appeals Tribunal's dismissal because Employer's appeal was not lawfully filed. We dismiss the appeal.

## Background Facts

In December 2013, Michele Pinkowski (Claimant) worked for Washington University (Employer) in a position that lasted one day. Claimant subsequently filed a claim for unemployment benefits, which Employer contested. After an investigation, a deputy from the Division determined that Claimant was not disqualified from receiving benefits and Employer appealed. On behalf of Employer, Jennifer DeLatour, who was identified as "Employee Relations," for Employer, drafted, signed, and sent a letter notifying the Appeals Tribunal of Employer's intent to appeal the deputy's decision. In February 2014, the Appeals Tribunal held a telephone hearing and questioned DeLatour regarding the status of her position with Employer. DeLatour indicated that she was in a contractual position and filling a managerial role until Employer could fill the position with a permanent employee. DeLatour also testified that she prepared, signed, and filed the notice of appeal letter on behalf of Employer.

Following the hearing, the Appeals Tribunal issued its decision, dismissing Employer's appeal on the grounds that the appeal was not lawfully filed because DeLatour was an independent contractor, and not the "employing unit which employed claimant," or a lawful representative of Employer under Rule 5.29 (c).[1] The Appeals Tribunal did not reach the merits of the appeal to determine whether Claimant was disqualified from receiving benefits.

---

[1] Rule 5.29(c) provides that, "[i]n an employment security proceeding before the state division of employment security, a corporation, partnership or other business entity . . . may be represented by an officer of the entity or a person in the full-time employment of the entity in a managerial capacity who shall be afforded the opportunity to participate in the proceeding."

In March 2014, Employer filed an application for review with the Commission. In May 2014, the Commission issued its decision, reversing the Appeals Tribunal's dismissal of Employer's appeal. In its decision, the Commission found that the letter signed by DeLatour and sent to the Appeals Tribunal on Employer's behalf was "sufficient to apprise anyone reading it" of Employer's intent to appeal the deputy's determination. The Commission also found there was no cause on the record to deny Employer's appeal on the basis that to do so would permit DeLatour to engage in the unauthorized practice of law. The Commission also addressed the "benefits qualification" issue on its merits and found in favor of Claimant. The Division appeals.

In its sole point on appeal, the Division contends that the Commission erred in reversing the Appeals Tribunal's dismissal because Employer's appeal was not lawfully and timely filed. The Division maintains that DeLatour's attempt to file an appeal on Employer's behalf constituted the unauthorized practice of law because she was not an officer or full-time managerial employee for Employer under Rule 5.29(c).

In response, Employer asserts that the Division lacks standing to appeal. Employer also maintains that the issue is moot because the Division fails to raise a justiciable issue on appeal, in that, it is not challenging the Commission's decision regarding Claimant's benefits or any existing immediate justiciable controversy, and instead, is seeking an advisory opinion on a collateral legal issue that will have no bearing on the merits or outcome of this case.

"Although sometimes referred to in terms of jurisdiction, . . . the concept of standing is better understood as a matter of justiciability, that is, of a court's authority to address a particular issue when the party suing has no justiciable interest in the subject matter of the action." *Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013). Standing is a prerequisite to this Court's authority to address the substantive issues and must be addressed before all other issues.

*Id.* A party seeking relief has the burden to establish that it has standing to maintain its claim. *Borges v. Missouri Public Entity Risk Management Fund*, 358 S.W.3d 177, 181 (Mo. App. W.D. 2012). Whether a party has standing is an issue of law that we review *de novo*. *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011).

The issue of standing was recently addressed by this Court's Southern District in *Howard v. Joplin Stone Co.*, WL 4744195; --- S.W.3d --- (Mo. App. S.D. Sept. 2014), *rehearing denied*, (Oct.16, 2014); *transfer denied*, (Mo. banc Nov. 25, 2014). In *Joplin Stone*, the Court dismissed a virtually identical appeal by the Division. In that case, the employer (Joplin Stone Company) contested a claim for unemployment benefits filed by a former employee. After a deputy determined that the claimant was not disqualified from receiving benefits, the employer filed an appeal with the Appeals Tribunal. The appeal was filed by an individual who was identified as the "Human Resources" manager for Joplin Stone. Subsequently, the Appeals Tribunal determined that Joplin Stone's appeal was not lawfully filed based on its finding that the appeal was not "drafted, signed and filed" by an officer or full-time managerial employee for Joplin Stone pursuant to Rule 5.29(c). The appeal was dismissed without reaching the merits of whether the claimant was disqualified from receiving benefits. After Joplin Stone filed an application for review, the Commission reversed the dismissal and addressed the merits of the benefits claim, finding in favor of the claimant. The Division appealed the Commission's reversal, arguing that the Commission erred in reversing the Appeals Tribunal's dismissal because Joplin Stone's appeal was not lawfully filed by an officer or full-time managerial employee of the company.

In determining that the Division lacked standing, the *Joplin Stone* Court found that the Division was not an "aggrieved" party and dismissed the appeal. In its decision, the Court

addressed the statutory language set forth in § 288.210,[2] regarding which parties may appeal a decision of the Commission, noting in pertinent part:

> Section 288.210 provides that '*the director or any party aggrieved*' by a decision of the Commission may appeal that decision. The key language in this section is that *a party must be 'aggrieved'* by the decision of the Commission. Here, there is no doubt that the Division is an appropriate party. However, the Division *has not been aggrieved* by this decision. [Emphasis added].

Pursuant to the statutory language of § 288.210, the Southern District found that the Division was not "aggrieved" by the Commission's decision because it had "no stake in th[e] outcome."[3] In reaching this conclusion, the Court noted that a party is "aggrieved" when "the judgment operates prejudicially and directly on a party's personal or property rights or interest and such effect is an immediate and not merely as possible remote consequence." (citation and quotation omitted). The Court also noted that counsel for the Division had acknowledged during oral argument that there were other alternatives available to accomplish their objective.

Here, the Division did not raise the issue of standing in its original brief. However, in its responsive brief to Employer's argument, the Division maintains that it has standing to appeal based on a statutory right as an "aggrieved" party and based on an "automatic" right to appeal pursuant to § 288.210. Specifically, the Division claims that it is not required to be "aggrieved" by the Commission's decision because it has an "automatic" right to appeal under § 288.210. The Division asserts that the legislature's removal of the word "other" from the statutory language in 1995 changed the plain meaning of the statute to grant the Division an "automatic" right to appeal regardless of whether it is "aggrieved" by the Commission's decision.[4]

The Court in *Joplin Stone* specifically addressed § 288.210 in determining whether the Division had standing to appeal the Commission's decision. In accordance with the plain

---

[2] All statutory references are to RSMo (Supp. 2012), unless otherwise indicated.
[3] In *Joplin Stone*, the Division had appealed purportedly to protect its own legal personnel from anticipated discipline by the office of the disciplinary counsel. *See Joplin Stone, supra*.
[4] The prior version of § 288.210 read, in pertinent part, "the director or any *other* party aggrieved."

language and meaning of the statute, the Court concluded that the Division was not an "aggrieved" party within the meaning of the statute and therefore lacked standing.[5]   It is evident from the conclusion reached in *Joplin Stone* that the Court's holding reflects a clear mandate requiring a party to be "aggrieved" by the Commission's decision in order to have standing to appeal.  In the absence of convincing authority and reasons to the contrary, we are persuaded and compelled to follow the Court's sound reasoning.[6]

Notwithstanding the Court's clear mandate in *Joplin Stone* regarding the lack of standing, the Division, in this case, urges us to reach the opposite conclusion.  The Division claims that it is an "aggrieved" party because as the "administrator of the UI trust fund, it must protect funds and accounts via a system of interpretation and application," and the Commission's decision would cause the system to lose uniformity.  The Division asserts that without a definitive decision as to whether filing an appeal with the Appeals Tribunal constitutes the practice of law, future claims dispute cases will continue to be dismissed by the Appeals Tribunal and reversed by the Commission, which in turn, would affect the Division's procedures and the manner in which it conducts hearings.  The Division also urges us to exercise our discretion to consider this issue because it involves a matter of "general public interest."

It is well-settled that appellate courts do not render advisory opinions, *Maples v. Department of Social Services*, 11 S.W.3d 869, 874 n.7 (Mo. App. S.D. 2000), or  determine speculative issues for the benefit of other cases arising in the future where a judgment rendered would have "no practical effect upon a then existing controversy."  *See Henning v. Board of Election Comm'rs of St. Louis County*, 787 S.W.2d 742, 744 (Mo. App. E.D. 1989).

---

[5] This is consistent with the statutory language found in other sections of Chapter 288, *i.e*., § 288.200.2,which states, in pertinent part: "[j]udicial review of any decision of the commission shall be permitted only after *the party claiming to be aggrieved* thereby has exhausted the administrative remedies as provided by law[.]"
[6] Application to the Missouri Supreme Court for transfer in *Joplin Stone* was denied in November 2014.

6

The issue presented by the Division concerns a collateral legal matter for which there are alternative means available for accomplishing their objectives. The determination sought by the Division would have no practical effect with respect to Claimant's benefits or any other existing immediate justiciable controversy. Therefore, in accordance with *Joplin Stone*, we hold the Division is not aggrieved by the Commission's decision and therefore lacks standing. We dismiss the appeal.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.