

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

STATE OF MISSOURI ex rel.
ATTORNEY GENERAL CHRIS KOSTER
and THE MISSOURI PETROLEUM
STORAGE TANK INSURANCE FUND
BOARD OF DIRECTORS,

    Respondents,

    vs.

CONOCOPHILLIPS COMPANY and
PHILLIPS 66 COMPANY,

    Respondents,

and

CORY WAGONER,

    Appellant.

No. ED102505

Appeal from the Circuit Court of
the City of St. Louis

Honorable Robert H. Dierker

Filed: November 3, 2015

***Introduction***

Cory Wagoner appeals the judgment of the Circuit Court of the City of St. Louis approving a settlement between the State of Missouri and the Missouri Petroleum Storage Tank Insurance Fund ("PST Fund") and Phillips 66 Company.[1] We dismiss the appeal for lack of standing.

---

[1] In May 2012, ConocoPhillips spun off Phillips 66 as a separate and independent corporate entity. According to Phillips 66, "Phillips 66 assumed certain liabilities relating to underground storage tanks – including any that may be at issue in this action. Phillips 66 would be liable for

*Factual and Procedural Background*

In November 2012, Mr. Wagoner filed suit against Phillips 66 in the Circuit Court of Greene County. He alleged that, as a taxpayer, as well as a contributor to and a beneficiary of the PST Fund, he was entitled to seek damages from Phillips 66 "due to money having been wrongfully obtained by ConocoPhillips from the PST fund."

The PST Fund and Phillips 66 moved to dismiss Mr. Wagoner's suit on the grounds that Mr. Wagoner lacked standing.[2] In March 2013, the Circuit Court of Greene County granted the PST Fund's motion to dismiss but denied that of Phillips 66. That same month, Appellant amended his petition to add a Racketeer Influenced and Corrupt Organizations ("RICO") claim against Phillips 66.

In April 2013, Phillips 66 removed the case to the U.S. District Court for the Western District of Missouri on the basis of the RICO claim. Mr. Wagoner filed a motion to remand. The district court denied Mr. Wagoner's motion for remand, reasoning: "[Mr. Wagoner] is not the right party to bring claims on behalf of the PST Fund . . . against [Phillips 66], a third party. Rather, that right belongs solely to the PST Fund." Mr. Wagoner subsequently dismissed his federal case. In September 2013, he filed a second suit against Phillips 66 and the PST Fund trustees in Greene County alleging claims identical to his first suit.

In April 2013, the State of Missouri and the PST Fund Board of Trustees (collectively, "the State") filed the underlying action against Phillips 66 in the Circuit Court of the City of St. Louis. In its petition, the State alleged that Phillips 66, "through [its] actions, inactions, omissions, concealment, misrepresentations, and fraudulent conduct," obtained money from the

---

any judgment rendered as an assignee of, and thus appears in this action on behalf of ConocoPhillips." This court will refer to both companies collectively as "Phillips 66."
[2] Apparently, Mr. Wagoner initially filed suit only against Phillips 66 but later added the PST Fund as a plaintiff.

PST Fund. Mr. Wagoner filed a motion for leave to intervene as of right for the purpose of dismissing the case on the basis that he had a pending suit against the PST Fund trustees and Phillips 66 in the Circuit Court of Greene County.[3]

In November 2014, the Circuit Court of the City of St. Louis entered a twelve-page order and memorandum denying Mr. Wagoner's motion to intervene ("November 2014 order"). In the November 2014 order, the trial court found, *inter alia*:

> The record does not support a finding that Wagoner has the requisite interest in the subject matter of this case to warrant intervention. Wagoner has paid into the PST Fund, but has not made any claim against it, nor has he been denied a claim, nor is there any evidence that the PST Fund will be unable to meet its statutory obligations to Fund participants in the future.

The trial court further found that because he "does not have a private cause of action to seek reimbursement for the [PST] Fund," Mr. Wagoner "cannot intervene in this case to dismiss the [State's] case in favor of his own Greene County suit." Finally, the trial court concluded: "Wagoner's interests are, on this record, adequately represented by the existing parties." The trial court advised that, if Mr. Wagoner was "skeptical of the good faith of the Attorney General and the [PST Fund] trustees" to recover the PST Fund's monies, Mr. Wagoner had "other remedies available – e.g., the Sunshine Law or an action for equitable accounting." (internal citation omitted).

In December 2014, the trial court entered a judgment approving a settlement agreement between Phillips 66 and the State ("December 2014 judgment"). Shortly thereafter, Mr. Wagoner filed a motion to set aside the December 2014 judgment, and Phillips 66 moved to strike the

---

[3] Although Mr. Wagoner's motion sought leave to intervene "as a matter of right," he did not discuss the application of Rule 52.12(a), which governs intervention of right. "The party seeking intervention bears the burden of proving his right to intervene." Landolt v. Glendale Shooting Club, Inc., 18 S.W.3d 101, 104 (Mo.App.E.D. 2000).

3

motion. In January 2015, the trial court struck Mr. Wagoner's motion, stating, "No further actions may be taken in this matter as the case is closed."

On January 15, 2015, Mr. Wagoner filed a notice of appeal challenging the December 2014 judgment. In April 2015, this court issued an order to show cause why this appeal should not be dismissed for lack of standing. The order to show cause stated, in pertinent part:

> Appellant Cory Wagoner is a proposed intervenor in the underlying lawsuit. The trial court entered an order on November 13, 2014 denying the motion to intervene. Subsequently, on December 11, 2014, the trial court entered a final judgment approving settlement between the parties and dismissing the petition with prejudice. Appellant then filed a notice of appeal, on which he indicated that he was appealing the judgment entered on December 11, 2014.
>
> In the issues to be raised on appeal in the civil case information form, Appellant raises a challenge to the judgment of December 11, 2014. Appellant's motion to intervene was denied. Therefore, he is not a party to the underlying case. Section 512.020, RSMo provides a right of appeal to any "party to a suit aggrieved by any judgment of any trial court" and Appellant is not a party. Therefore, it appears Appellant may not have standing to appeal from the underlying judgment in that matter. See, Ring v. Metropolitan St. Louis Sewer Dist., 41 S.W.3d 487, 491 (Mo. App. E.D. 2000). However, an order denying a motion to intervene is appealable. Sarasohn & Co. Inc. v. Prestige Hotels Corp., 945 S.W.2d 13, 17 (Mo. App. E.D. 1997). Even though such an order is appealable, the order in question is not denominated a judgment as required by Rule 74.01(a). It may be that the order need not be denominated a judgment now that a final judgment has been entered in the underlying suit.

Mr. Wagoner initially responded to our order and advised that he was unable to obtain an order denominating as a judgment the November 2014 order denying his motion to intervene. However, in a supplemental response, Mr. Wagoner submitted a trial court judgment, dated May 7, 2015, denying Mr. Wagoner's motion to intervene "for the reasons set forth in" the November 2014 order. Mr. Wagoner requested that this court: "enter its order finding that a Judgment has been entered on the appealable order denying the motion for leave to intervene and *allowing this appeal to go forward under the Notice of Appeal filed in this case.*" (emphasis added).

4

Thereafter, Phillips 66 and the State filed a joint motion to dismiss the appeal for lack of standing on the grounds that: (1) Mr. Wagoner was not a party to the December 2014 judgment; (2) Mr. Wagoner failed to identify the motion to intervene in his notice of appeal; and (3) the trial court's denomination of the order denying the motion to intervene was void. In June 2015, we issued an order taking the motion to dismiss the appeal with the case.

### *Standard of Review*

Whether a party has standing is an issue of law that we review *de novo*. Pinkowski v. Washington Univ., 451 S.W.3d 354, 356 (Mo.App.E.D. 2014) (citing Manzara v. State, 343 S.W.3d 656, 659 (Mo. banc 2011)). "However, we defer to the factual findings of the trial court and apply those facts to the law." Mannering Condo. Ass'n v. Schulte, 462 S.W.3d 830, 834 (Mo.App.E.D. 2015)

### *Discussion*

Mr. Wagoner filed a notice of appeal that identifies only the December 2014 judgment approving the settlement entered by the State and Phillips 66. Mr. Wagoner was not a party to the December 2014 judgment. Accordingly, as a threshold matter, we must determine whether Mr. Wagoner has standing to appeal the December 2014 judgment.[4]

The concept of standing refers to "a court's authority to address a particular issue when the party suing has no justiciable interest in the subject matter of the action." Pinkowski, 451 S.W.3d at 356 (citing Schweich v. Nixon, 408 S.W.3d 769, 774, n.5 (Mo. banc 2013)). For this reason, Missouri courts have held that "standing is a prerequisite to the court's authority to

---

[4] In its response brief and motion to dismiss, Phillips 66 argues that this court lacks "jurisdiction" over this appeal. "The Missouri Supreme Court has clarified that standing is a matter of justiciability rather than jurisdiction . . . ." Mannering Condo, 462 S.W.3d at 833 (citing Schweich, 408 S.W.3d at 774, n.5.).

address substantive issues and so must be addressed before all other issues." Schweich, 408 S.W.3d at 774, n. 5.

"[T]o have standing, an appellant must have 'been a party to the action' and have 'been aggrieved by the decision of the trial court.'" In re Formation of Neosho Transp. Dev't Dist., 416 S.W.3d 326, 328 n.2 (Mo.App.S.D. 2013) (quoting In re C.A.C., 282 S.W.3d 862, 864 (Mo.App.W.D. 2009)). In other words, "[o]nly a *party* has standing to attempt to set aside or appeal from a judgment." F.W. Disposal S., LLC v. St. Louis County Council, 266 S.W.3d 334, 338 (Mo.App.E.D. 2008) (emphasis added). "Where a movant's motion to intervene is denied, the movant lacks standing to appeal from any subsequent order or judgment in the proceeding." Eckhoff v. Eckhoff, 242 S.W.3d 466, 468-69 (Mo.App.W.D. 2008).

The record reveals that Mr. Wagoner sought to intervene in the State's action against Phillips 66 filed in the Circuit Court of the City of St. Louis, and the trial court denied his motion to intervene. As a result, Mr. Wagoner is not a party to the action. Therefore, he lacks standing to appeal the December 2014 judgment. See, e.g., Ring v. Metro. St. Louis Sewer Dist., 41 S.W.3d 487, 491 (Mo.App.E.D. 2000) (unnamed class members lacked standing to appeal the adequacy of the approved class action settlement because the trial court denied their motions to intervene).

Although Mr. Wagoner's notice of appeal identified the December 2014 judgment as the judgment appealed from, his points on appeal challenge the trial court's November 2014 order denying his motion to intervene. According to Phillips 66, this court lacks authority to consider Mr. Wagoner's challenge to the November 2014 order because the notice of appeal referred only to the December 2014 judgment approving settlement. Mr. Wagoner appears to argue, without citation to authority, that his answer to this court's order to show cause, with which he submitted

6

the trial court's May 2015 order denominating the November 2014 order a judgment, remedied any deficiency in his notice of appeal.

Mr. Wagoner's notice of appeal provides: "Notice is given that CORY WAGONER, PROPOSED INTERVENOR, appeals from the judgment/decree entered in this action on DECEMBER 11, 2014." The December 2014 judgment was the only judgment or order attached to the notice on appeal.[5] Moreover, the civil case form filed with the notice of appeal neither identifies nor challenges the trial court's November 2014 order.

Rule 81.08(a) requires that a notice of appeal specify the judgment or order appealed from. Maskill v. Cummins, 397 S.W.3d 27, 32 (Mo.App.W.D. 2013). Missouri courts have repeatedly held that "[o]ur review on appeal is confined to a review of the decision identified in the notice of appeal." Burton v. Klaus, 455 S.W.3d 9, 12 (Mo.App.E.D. 2014). See also Schrader v. QuickTrip Corp., 292 S.W.3d 453, 456 (Mo.App.E.D. 2009). We recognize that "Missouri courts are lenient with respect to a failure to specify the judgment or order appealed from if the lack of specificity does not prejudice the other party." Midwest Coal, LLC ex rel. Stanton v. Cabanas, 378 S.W.3d 367, 376 (Mo.App.E.D. 2012). However, "Missouri courts have not shown such leniency when the notice of appeal only listed one judgment or order, but the points on appeal referred to more than one judgment or order." Id. (quoting Rea v. Moore, 74 S.W.3d 795, 801 (Mo.App.S.D. 2002)).

This court's show cause order does not resolve the issue created by Mr. Wagoner's deficient notice of appeal. Although we advised Mr. Wagoner that, while "he may not have standing to appeal the December 2014 judgment," he "has standing to appeal from the November

---

[5] Cf. Wills v. Whitlock, 139 S.W.3d 643, 658 (Mo.App.W.D. 2004) (holding that appellant sufficiently complied with Rule 81.08 where, while only one of two judgments entering summary judgment against the appellant was identified in the notice of appeal, both judgments were attached to the notice of appeal).

13, 2014 [order] denying intervention," Mr. Wagoner did not seek to amend his notice of appeal. To the contrary, in his supplemental response to our order to show cause, Mr. Wagoner requested we "allow this appeal to go forward under the Notice of Appeal filed in this case." Because the notice of appeal refers only to the December 2014 judgment, this court is precluded from reviewing matters outside of that judgment, including the denial of Mr. Wagoner's motion to intervene.

### Conclusion

For the foregoing reasons, Mr. Wagoner's appeal is dismissed.

_Patricia L. Cohen_

_____
Patricia L. Cohen, Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.

8