

# SUPREME COURT OF MISSOURI
## en banc

DAVID AND GALE COLLISON,      )
                                )
      Appellants,             )
                                )
v.                                    )         No.  SC98743
                                )
DIRECTOR OF REVENUE,      )
                                )
      Respondent.         )

*Opinion issued April 6, 2021*

## PETITION FOR REVIEW OF A DECISION FROM THE
## ADMINISTRATIVE HEARING COMMISSION
### The Honorable Renee T. Slusher, Commissioner

David and Gale Collison petition this Court for review of a decision from the Administrative Hearing Commission ("AHC") finding they were not entitled to a sales tax credit after purchasing a vehicle to replace another vehicle declared a casualty loss by their insurance company. The AHC found the applicable sales tax credit could not be applied because a revocable trust, not the Collisons, owns the new vehicle and the Collisons, not the revocable trust, owned the replaced vehicle. In their appeal, the Collisons claim they and the revocable trust are the same entity and same owner of the separate vehicles for purposes of the sales tax credit. Missouri law, however, distinguishes between natural

persons and trusts, and the Collisons and their revocable trust are legally separate owners. For this reason, the AHC's decision is affirmed.

## Factual and Procedural History

David and Gale Collison owned a Chevrolet titled in their collective names. The Collisons also serve as grantors, trustees, and beneficiaries for the David and Gale Collison Joint Revocable Trust. On December 18, 2019, the Chevrolet was declared a total casualty loss by the Collisons' insurance company after it sustained damage in a motor vehicle accident. On January 2, 2020, a Toyota was purchased to replace the Chevrolet. The Toyota was titled and registered in the Trust's name, and the applicable sales taxes were paid. The next day, the Collisons' insurer paid the them $2,009.50 for the loss of the Chevrolet after applying a $1,000 deductible. In April 2020, the Collisons applied for a vehicle sales tax refund pursuant to section 144.027.1,[1] which allows "a credit against the purchase price of another motor vehicle" in the amount of a lost vehicle's value when the vehicle is replaced due to casualty loss. The director of revenue determined the Collisons were ineligible to receive the sales tax credit and denied their application because the Trust owns the Toyota and the Collison owned the Chevrolet.[2]

---

[1] All statutory references are to RSMo 2016, unless otherwise noted.
[2] The director notes the department of revenue has consistently applied this interpretation of section 144.027.1, notifying car buyers that "[a] trust is considered a separate legal entity or person."

2

The Collisons appealed the director's denial of the sales tax credit to the AHC. The AHC affirmed the director's decision. The Collisons now petition this Court for review.[3] The Collisons argue in a single point relied on that they and the Trust are the same vehicle owner for purposes of the sales tax credit, and, therefore, they are entitled to the credit.

**Standard of Review**

A decision of the AHC will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature.

*Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 121 (Mo. banc 2014). This Court reviews the AHC's interpretation of revenue laws *de novo*. *Loren Cook Co. v. Dir. of Revenue*, 414 S.W.3d 451, 453 (Mo. banc 2013). However, "[t]ax credits and exemptions are construed strictly and narrowly against the taxpayer." *Hermann v. Dir. of Revenue*, 47 S.W.3d 362, 365 (Mo. banc 2001).

**Analysis**

Missouri imposes a sales tax on the purchase of motor vehicles. § 144.070.1, RSMo Supp. 2019. Section 144.027.1 allows a reduction of the taxable purchase price of a replacement vehicle after a vehicle owner experiences a casualty loss. Section 144.027.1 provides in relevant part:

When a motor vehicle, trailer, boat or outboard motor for which all sales or use tax has been paid is replaced due to theft or a casualty loss in excess of the value of the unit, the director shall permit the amount of the insurance proceeds plus any owner's deductible obligation, as certified by the insurance

---

[3] Because this case involves construction of Missouri's revenue laws, this Court has exclusive jurisdiction over the Collisons' appeal. Mo. Const. art V, § 3; *McDonnell Douglas Corp. v. Dir. of Revenue*, 945 S.W.2d 437, 439 (Mo. banc 1997).

company, to be a credit against the purchase price of another motor vehicle, trailer, boat or outboard motor which is purchased or is contracted to purchase within one hundred eighty days of the date of payment by the insurance company as a replacement motor vehicle, trailer, boat or outboard motor.

Section 144.027.1 provides an "owner" of an insured vehicle, for which all sales or use tax has been paid, may receive a sales tax credit on the purchase of a replacement vehicle for the value of the vehicle it replaced if the replaced vehicle is determined to be damaged in excess of the value of the vehicle and the replacement is purchased within 180 days of payment by the insurance company. *Id.* The parties do not dispute that the sales or use taxes were paid on the Chevrolet; the Chevrolet suffered a total casualty loss; the Toyota was purchased as a result of the casualty loss to the Chevrolet; and the purchase of the Toyota was within 180 days of the insurance payment. The parties dispute who is considered the owner of the Toyota: the Collisons, the Trust, or both as one entity.

The Collisons contend that, because they are the grantors, beneficiaries, and trustees of the Trust, they and the Trust are effectively one "owner" for purposes of this sales tax credit. Even though they held title to the Chevrolet, and the Trust holds title to the Toyota, the Collisons argue they may benefit from the sales tax credit allowed by section 144.027.1 because they and the Trust are the same owner. The director contends the statute requires the same owner—that is to say, the same legal entity or person—to own both the vehicle replaced and the vehicle purchased.[4] Because the Collisons and the Trust are not the same

---

[4] The director contends a vehicle cannot constitute a "replacement" under the statute if the purchased vehicle belongs to a separate legal entity or person than the replaced vehicle. The director cites several AHC decisions to support this position. *See, e.g.*, *Wolf v. Dir. of Revenue*, 2019 WL 3761099 (AHC No. 10-0169) ("A replacement vehicle substitutes for,

4

legal entity, the director contends they are not the same owner. The Court agrees; the Collisons and the Trust are separate legal entities and are not both "owners" of the Toyota.

Under Missouri law, a vehicle "owner" is "any **person**, firm, corporation or association, who holds the legal title to a vehicle …." § 301.010(44), RSMo Supp. 2019 (emphasis added). Section 144.010.8, RSMo Supp. 2019, defines a "person" for purposes of Missouri's revenue law. While the Collisons are correct that section 144.010.8 defines "person" to include "trust," this does not mean ownership in an individual capacity and ownership by a trust are interchangeable. On the contrary, section 144.010.8's inclusion of "trust" in the definition of "person" demonstrates the law views a trust as an independent entity or person, and the individuals or entities who create and control a trust are legally separate entities or persons. Indeed, the fundamental nature of a trust is such that it alters the legal nature of titled property. *See Atl. Nat'l Bank of Jacksonville, Fla. v. St. Louis Union Trust Co.,* 211 S.W.2d 2, 7 (Mo. 1948) ("To have effected a valid trust, as of the time of the execution of the indenture [the settlor] must have parted with dominion over

---

or takes the place of, the previous vehicle. There can only be a substitute when one person owned both the totaled vehicle and the replacement vehicle."). While this Court has not adopted any position with respect to the statutory definition of "replacement," the Collisons do not contest this definition of "replacement" in their brief nor argue a newly purchased vehicle can replace a damaged or stolen vehicle even if the separate vehicles had different owners. Therefore, this Court does not address whether a vehicle purchased to substitute a vehicle lost to theft or casualty must be owned by the same person or entity to be considered a "replacement" vehicle and benefit from the sales tax credit provided in section 144.027.1. *See Wong v. Wong*, 391 S.W.3d 917, 919 (Mo. App. 2013) ("This court will not infer or create Appellant's legal argument" and become an advocate for appellant.); Rule 84.04.

the legal title.").[5] Missouri law, therefore, clearly distinguishes between natural persons and trusts; they are legally distinct entities.

The Collisons contend a revocable trust and the individuals who are the grantors, beneficiaries, and trustees of the revocable trust are considered a single person under federal tax law. That the Collisons and their Trust are treated as a single person for purposes of federal income tax, however, bears no weight on their classification with respect to vehicle ownership under section 144.027.1 or other Missouri law. In other instances, Missouri treats trusts, even revocable trusts, differently than natural persons. A statutory entity such as a trust or corporation must appear in court through counsel, and, while an individual property owner may appear *pro se*, a trustee cannot. "[O]nly natural persons are entitled to appear on their own behalf." *Naylor Senior Citizens Hous., LP v. Side Const. Co.*, 423 S.W.3d 238, 250 (Mo. banc 2014) (citing *Haggard v. Div. of Emp. Sec.,* 238 S.W.3d 151, 154 (Mo. banc 2007)). Statutory entities are also given certain benefits under the law not afforded to natural persons, and in exchange, they are also subject to certain restrictions. *Reed v. Labor & Indus. Relations Comm'n,* 789 S.W.2d 19, 23 (Mo. banc 1990), *overruled on other grounds by Haggard*, 238 S.W.3d at 155. There simply is no governing principle in Missouri that a trust and the natural persons who create and control the trust should be treated as one under the law.

---

[5] The Court of Appeals has also noted "there is a distinction between ownership in an individual capacity and ownership as trustee." *United Fire & Cas. Co. v. Hall*, 536 S.W.3d 738, 741 (Mo. App. 2017).

The Collisons claim they are entitled to the sales tax credit because they and the Trust are the same owners of the Toyota.  Because Missouri law clearly considers a trust and the natural persons who create and control the trust to be separate and distinct entities, the Collisons cannot prevail in this matter.

## Conclusion

The AHC's decision is affirmed.

_____
W. Brent Powell, Judge

Draper, C.J., Wilson, Russell, Breckenridge and Fischer, JJ., concur.