**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA, Defendant-Respondent.**

**No. 48277.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 14, 1984.

---

Robert John Foley, St. Louis, for plaintiff-appellant.

Phillip Arthur Franklin, St. Louis, for defendant-respondent.

KAROHL, Judge.

In a declaratory judgment proceeding plaintiff-appellant St. Paul Fire & Marine Insurance Company (St. Paul) sought an interpretation of the coverage provisions of a medical malpractice insurance policy issued by defendant Medical Protective Company of Fort Wayne, Indiana (Medical Protective) to Dennis E. Hite, M.D. § 527.020 RSMo 1978. On cross-motions for summary judgment the trial court found no coverage and granted summary judgment to defendant.

This case must be reversed on jurisdictional grounds. We find that the plaintiff had no standing to bring the present action.

On December 5, 1978, Dr. Dennis Hite had in full force and effect two separate policies of insurance issued by plaintiff St. Paul and by defendant Medical Protective. It is alleged that on that date Dr. Hite committed defamation and libel against Dr. Milham, D.O. by certain remarks made in a television interview. Dr. Milham filed suit against Dr. Hite and others claiming defamation and libel.

St. Paul filed suit for declaratory judgment against Medical Protective claiming

that its Personal Liability Catastrophe Policy of insurance was excess insurance over and above coverage afforded by defendant Medical Protective's malpractice policy. Defendant claimed that its medical malpractice policy covered only those professional services of Dr. Hite rendered or withheld in the practice of medicine; that the television interview statements were not such acts and that its policy did not cover Dr. Hite. Dr. Hite was not made a party to the declaratory judgment suit.

 We find that plaintiff St. Paul has no standing under the Declaratory Judgment Act to request the court to interpret the contract of insurance purchased by Dr. Hite from defendant Medical Protective. Although the basic facts dealing with the terms of defendant Medical Protective's policy were undisputed the absence of Dr. Hite deprived the trial court and this court of his interpretation of the meaning of the policy issued to him by defendant Medical Protective. Plaintiff St. Paul was not a party to the Medical Protective policy. Nor is it a third-party beneficiary who could enforce defendant's medical malpractice contract. No authority has been cited to this court and we find none which would authorize or grant standing to seek a declaration of rights under a contract to one who is not a party and who has no right to enforce the contract. In *Hardware Center, Inc. v. Parkedge Corp.*, 618 S.W.2d 689, 694–695 (Mo.App.1981) we held that the provisions of our Declaratory Judgment Act do not extend standing to a party nor enlarge the jurisdiction of the court over subject matter or parties. "It merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief. (citations omitted)." *Id.* at 694. We there concluded that the Act does not grant standing to a stranger to the contract to be construed. Only Dr. Hite, defendant Medical Protective or a beneficiary of the insurance contract would have standing under the Act.

 The Declaratory Judgment Act authorizes any party with a present interest in a written contract to have determined any question of construction or validity of the contract. § 527.020 RSMo 1978. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings .." § 527.-110 RSMo 1978. Plaintiff St. Paul has failed to present a set of facts from which the court can find that it has a present legal controversy with defendant Medical Protective. Plaintiff is therefore not entitled to a declaration of fixed legal rights with respect to this defendant. *Hardware*, 618 S.W.2d at 692. The petition does not allege that plaintiff prays a declaration of the rights of Dr. Hite on his behalf. Nor is it alleged that plaintiff is a beneficiary of defendant's policy.

 The prospect of plaintiff realizing a benefit in the event defendant's policy offers coverage is contingent upon a number of further facts which have not been alleged, i.e. that Dr. Hite agrees that there is coverage and has tendered the defense of the libel action to defendant Medical Protective based upon his own determination that there is coverage. There may be no dispute, existing now or in the future, between St. Paul and Medical Protective. The Declaratory Judgment Act applies only in cases in which there is an existing justiciable dispute or controversy. *James _____ v. Hutton*, 373 S.W.2d 167, 168 (Mo. App.1963). Resort to the Act for interpretation of defendant's policy before the happening of the contingent events, in the absence of Dr. Hite, would be a misuse of the Declaratory Judgment Act. *M.F.A. Mutual Insurance Company v. Hill*, 320 S.W.2d 559, 564 (Mo.1959).

REINHARD, C.J., and CRANDALL, J., concurs.