**Joseph Paul LAIBEN and Laiben Construction Co., Inc., Plaintiffs–Appellants,**

**v.**

**Clinton B. ROBERTS, Defendant–Respondent.**

No. 69686.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 17, 1996.

Helge M. Puchalla, St. Louis, for plaintiffs–appellants.

Dennis E. McIntosh, Farmington, for defendant–respondent.

HOFF, Judge.

Joseph Paul Laiben (Mr. Laiben) and Laiben Construction Co., Inc. (Laiben Construction) filed suit against Clinton B. Roberts

(Mr. Roberts) for legal malpractice resulting from bankruptcy proceedings. After a hearing, the trial court granted Mr. Roberts' motion for protective order regarding discovery. On Mr. Roberts' motion for judgment on the pleadings, the trial court entered summary judgment stating that only the trustees in bankruptcy have standing to sue and Mr. Laiben and Laiben Construction do not. We reverse and remand.

Laiben Construction is a Florida construction firm which is owned solely by Joseph Laiben. In 1987, Laiben Construction built a house for a Florida couple who refused to pay an outstanding balance of $59,046.77. Laiben Construction retained a Florida attorney, William G. Salomone (Mr. Salomone), to collect the outstanding balance. Mr. Salomone never collected the money, but billed Laiben Construction in excess of $40,000 in attorney's fees. Mr. Laiben returned to Missouri and retained the services of Clinton B. Roberts to not only defend against a lawsuit filed by Mr. Salomone to collect his legal fees, but to collect the money originally owed to Laiben Construction for the house in Florida.

Mr. Laiben asserts that Mr. Roberts advised him that because Mr. Salomone had grossly overcharged him, he and the construction company had a claim for legal malpractice. Mr. Laiben also contends that Mr. Roberts devised a grand "scheme" under which Laiben Construction dismissed its claim in Florida against the delinquent homeowners with prejudice, and filed bankruptcy in Missouri on December 1, 1988.

Appellants argue that Mr. Roberts' "scheme" had two goals. First, filing bankruptcy was supposed to eliminate any assets of Laiben Construction in Florida which Mr. Salomone could attach. Second, filing bankruptcy was supposed to force Mr. Salomone to file a claim against Laiben Construction's bankruptcy estate in the United States Bankruptcy Court of the Eastern District of Missouri, which would enable Mr. Laiben to obtain jurisdiction over Mr. Salomone in order to counterclaim for legal malpractice.

Mr. Laiben contends that Mr. Roberts assured him that the counterclaim for legal malpractice against Mr. Salomone would re-cover sufficient funds so that the bankruptcy could be dropped.

However, the United States Bankruptcy Court of the Eastern District of Missouri declined to assert jurisdiction over Mr. Salomone's pending Florida lawsuit against Mr. Laiben. Mr. Laiben asserts that upon the advice of Mr. Roberts, he did not pursue a counterclaim against Mr. Salomone or even defend against Mr. Salomone's claim against Laiben Construction for legal fees. Laiben Construction continued with the bankruptcy and was discharged of its indebtedness. Because Mr. Laiben had to personally pay for labor and materials expended on the Florida house because of the homeowners' delinquency, Mr. Laiben also filed for personal bankruptcy and was discharged of his indebtedness.

Mr. Laiben contacted attorney J.B. Carter in early 1992. Mr. Carter advised Mr. Laiben that he and Laiben Construction had a claim for legal malpractice against Mr. Roberts. On March 24, 1995, Mr. Laiben and Laiben Construction filed their first amended petition for professional negligence against Mr. Roberts. Mr. Roberts filed a motion for protective order regarding discovery and a motion for judgment on the pleadings.

At a hearing to determine if Mr. Roberts' motion for judgment on the pleadings should be treated as a motion for summary judgment, the trial court sustained Mr. Roberts' motion for protective order. Thereafter, the trial court entered summary judgment in favor of Mr. Roberts. Additionally, the trial court found:

> that Plaintiffs' cause of action for professional negligence became part of their bankrupt estates under the Chapter 7 proceedings, that the causes of action were not administered or abandoned by the trustee or trustees of their estates, and that any causes of action against Defendant remains part of Plaintiffs' bankruptcy estates; [and] as a matter of law, the trustee or trustees in bankruptcy, and not Plaintiffs, has standing to sue.

This appeal followed.

Summary judgment is appropriate when there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. Rule 74.04(c). On appeal of a summary judgment, we review the record submitted in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.*

In their first point, Mr. Laiben and Laiben Construction assert the trial court erred in finding they had no standing to sue because their cause of action for legal malpractice was part of their bankruptcy estates.

The issue presented to this Court is whether or not Mr. Laiben and Laiben Construction's claim for legal malpractice became part of their bankruptcy estates. If it is part of either bankruptcy estate, then the bankruptcy trustees have standing to sue. If it is not part of either bankruptcy estate, then Mr. Laiben and Laiben Construction have standing to sue. In order to determine whether the claim is part of either bankruptcy estate, it is necessary to determine when the claims accrued.

Pursuant to § 516.100 RSMo 1994, a cause of action for legal malpractice

> shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

*M & D Enterprises, Inc. v. Wolff,* 923 S.W.2d 389, 394 (Mo.App.1996); § 516.100 RSMo 1994.

■ Damage is sustained and capable of ascertainment when it can be discovered or made known, even though the amount of damage may be unascertained. *M & D Enterprises,* 923 S.W.2d at 394. When the fact of damage becomes capable of ascertainment, or when the plaintiff could have first successfully maintained the action, the statute of limitations begins to run. *Id.* However, the statute of limitations does not begin to run, nor is the claim for legal malpractice deemed to have accrued, until the claimants *know* they have a claim for some amount. *Id.*

■ In this case, the legal malpractice claim concerns Mr. Roberts' legal representation regarding bankruptcy actions filed on behalf of Mr. Laiben and Laiben Construction. Mr. Laiben followed his attorney's advice in completing the bankruptcy proceedings. Although Mr. Laiben and Laiben Construction may well have sustained ascertainable damages prior to the completion of the bankruptcy proceedings, the adjudications and discharges in bankruptcy were themselves items of damages alleged in the petition. Because § 516.100 RSMo 1994 predicates the accrual of a cause of action on the *last* item of damage, the cause of action against Mr. Roberts thus could not have accrued prior to the bankruptcy discharges. Therefore, any legal malpractice claim against Mr. Roberts is not an asset of either bankruptcy estate. Consequently, Mr. Laiben and Laiben Construction, and not the trustees in bankruptcy, have standing to sue Mr. Roberts for legal malpractice. Accordingly, we reverse the trial court's order of summary judgment and remand for further proceedings.

In their second point, Mr. Laiben and Laiben Construction assert the trial court erred in granting Mr. Roberts' motion for a protective order regarding discovery. This point is now moot.

Because of our disposition on the first point, we set aside the trial court's protective order regarding discovery and remand for further hearing.

Reversed and remanded.

CRAHAN, P.J. and GRIMM, J., concur.