Alex BORGES, Jr., et al., Appellants,

v.

**MISSOURI PUBLIC ENTITY RISK MANAGEMENT FUND (MO-PERM), Respondent.**

**No. WD 73446.**

Missouri Court of Appeals, Western District.

Jan. 31, 2012.

Robert Herman, St. Louis, MO, for Appellants.

Marshall V. Wilson and Michael G. Berry, Jefferson City, MO, for Respondent.

Before Division Three: KAREN KING MITCHELL, Presiding Judge, and JAMES M. SMART, JR., and GARY D. WITT, Judges.

KAREN KING MITCHELL, Presiding Judge.

This is a standing case. The appellants filed a declaratory judgment action in which they alleged that the Missouri Public Entity Risk Management Fund ("the Fund") failed to follow proper rulemaking procedures when it established exclusions, which, if effective, would provide no coverage for the petitioners' alleged claims against two of the Fund's participants. The circuit court entered summary judgment in favor of the Fund, finding that the petitioners lacked standing under section 536.053, which was the statute that the appellants claimed conferred standing on them. We affirm the circuit court's finding that the petitioners failed to meet their burden of establishing standing but find that the circuit court should have resolved the issues presented via dismissal without prejudice. Accordingly, we affirm but enter such judgment as ought to be given.

## Facts and Procedural Background[1]

The Fund provides coverage to participating public entities ("fund participants") and is responsible for paying or settling claims for which coverage has been obtained. § 537.705.1(1).[2] The Fund issued a memorandum of coverage to fund participants. The memorandum of coverage contains certain exclusions. Relevant to this appeal, the memorandum of coverage excludes punitive damages, criminal acts, and other violations of federal, state, or local laws ("the exclusions").

Appellant Alex Borges sued City of Gerald, Missouri ("Gerald"), and Appellant Jennifer Johnson sued City of Velda, Missouri ("Velda") (collectively, Gerald and Velda will be referred to as "the cities") in the U.S. District Court for the Eastern District of Missouri, Eastern Division. Borges and Johnson alleged federal constitutional tort claims pursuant to 42 U.S.C. § 1983. The cities were fund participants at the time they allegedly injured Borges and Johnson. The Fund sent the cities reservation of rights letters, stating that the exclusions may apply to the claims made by Borges and Johnson.

Subsequently, Borges and Johnson filed a petition for declaratory judgment in state court, naming the Fund as the defendant, but not naming either city. The petition alleged, among other things, that (1) the Fund, by including the exclusions in the memorandum of coverage, established

---

1. On appeal from the grant of summary judgment, we review the facts in the light most favorable to the nonmovant. *See Hagen v. McDonald's Corp.*, 231 S.W.3d 858, 859 (Mo. App. W.D.2007).

2. All statutory citations are to RSMo 2000, as updated through the 2010 Cumulative Supplement.

"rules and regulations" that would exclude from coverage Borges's claim against Gerald and Johnson's claim against Velda; (2) the Fund was required to engage in rulemaking procedures before establishing the exclusions; and (3) the exclusions were void due to the Fund's failure to engage in rulemaking procedures.

The Fund filed a motion for summary judgment, arguing that the petitioners lacked standing under sections 536.050 and 536.053 [3] in that Petitioners were not aggrieved by the promulgation of a rule because the Fund had not promulgated a rule. In addition, the Fund argued that Petitioners failed to demonstrate standing under the Declaratory Judgment Act, section 527.010 *et seq.*, in that they failed to establish that they had present legal rights against the Fund and, thus, failed to demonstrate the existence of a justiciable controversy and the existence of a question ripe for judicial resolution. Petitioners filed a response to the motion for summary judgment, arguing that they had standing under section 536.053 in that they were parties aggrieved by a rule made by the Fund. The circuit court entered summary judgment, finding Borges and Johnson "lack standing under the provisions of § 536.053 RSMo in that there is no promulgated rule at issue." Borges and Johnson appeal.

## Standard of Review

Our review of the circuit court's grant of a motion for summary judgment is essentially de novo, and we will use the same criteria that apply to the circuit court's review of the motion. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The purpose of summary judg-

ment under Missouri's fact-pleading regime is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show a legal right to judgment for the movant." *Id.* at 380.

In this case, the circuit court granted summary judgment on the basis of Petitioners' lack of standing. Standing is a question of law that we review de novo. *State ex rel. St. Louis Retail Group v. Kraiberg*, 343 S.W.3d 712, 715 (Mo.App. E.D.2011). We consider the petition along with any other non-contested facts to determine whether the petition should be dismissed due to Petitioners' lack of standing. *Id.*

## Legal Analysis

### I. Whether Borges and Johnson had standing

Borges and Johnson argue that the circuit court erred in granting summary judgment in that they had standing to maintain a declaratory judgment action under section 536.150. We disagree.

### a. Standing based on Chapter 536

■ We first note that Borges and Johnson have abandoned the standing argument they made below—that section 536.053 conferred upon them standing to challenge a rule promulgated by a state agency. Instead, they argue that section 536.150 conferred standing on them.

Section 536.150 provides:

When any administrative officer or body ... shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person ... and there is no other provision for judicial inquiry into or review of such decision, such

---

**3.** Section 536.050 provides that the validity of a promulgated rule may be challenged by declaratory judgment. Section 536.053 sets out who has standing to challenge a rule pursuant to section 536.050.

decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion.

Section 536.150 governs review of *adjudications* of non-contested cases. *Columbia Sussex Corp. v. Mo. Gaming Comm'n*, 197 S.W.3d 137, 141 (Mo.App. W.D.2006); *Missourians for Separation of Church & State v. Robertson*, 592 S.W.2d 825, 841 (Mo.App. W.D.1979). Borges and Johnson argue that the Fund's "decision" to deny coverage to the cities was an adjudication of their rights.[4]

■ As the parties seeking relief, Borges and Johnson had the burden to establish that they had standing to maintain their lawsuit. *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011). In order to establish standing based on section 536.150, Borges and Johnson would need to show a judicially recognized interest in the disputed agency "decision," *see Columbia Sussex Corp.*, 197 S.W.3d at 140–41, which they have not done. Since the interest element is also part of the standing analysis required under the general declaratory judgment statute, we will address it below.

### b. Standing based on Section 527.010 *et seq.*

■ Though they do not include the argument in their point on appeal, Borges and Johnson take the position in the argument portion of their brief that they have standing under the general declaratory judgment act, section 527.010 *et seq.* We will address the merits of this argument, even though the appellants abandoned it by not including it in the point on appeal. *See* Rule 84.04(e).

There are four requirements for a declaratory judgment petition. In addition to demonstrating that a justiciable controversy exists, it is required that there is a legally protected interest directly at issue, that the question presented is ripe for judicial determination, and that the petitioner does not have an adequate remedy at law.

A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination. *Roach Law Firm v. Beilenson*, 224 S.W.3d 57, 60 (Mo.App. E.D.2007) (internal citations omitted). " 'When seeking declaratory ... relief, the criterion for standing is whether the plaintiff has a legally protectable interest at stake....' 'A legally protectable interest exists if the plaintiff is directly and adversely affected by the action in question.' " *Mo. Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for the Healing Arts*, 343 S.W.3d 348, 354 (Mo. banc 2011) (quoting *Battlefield Fire Prot. Dist. v. City of Springfield*, 941 S.W.2d 491, 492 (Mo. banc 1997) and *State ex rel. Kansas City Power & Light Co. v.*

---

4. We note that whether the Fund "denied" coverage is a factual issue, *Pink v. Knoche*, 103 S.W.3d 221, 227–28 (Mo.App. W.D.2003), that has not been resolved (the Fund *reserved its right* to deny coverage).

*McBeth*, 322 S.W.3d 525, 530 (Mo. banc 2010) respectively).

■ Here, Borges and Johnson assert no basis to establish that they have a present interest in any coverage the Fund may or may not provide to the cities. Missouri courts have held that third parties have no interest in a coverage question between an insured and an insurer, at least when, as here, the third party's claim against the insured has not been reduced to a judgment.[5] *Carden v. Mo. Intergovernmental Risk Mgmt. Assoc.*, 258 S.W.3d 547, 558 (Mo.App. S.D.2008); *Amer. Econ. Ins. Co. v. Ledbetter*, 903 S.W.2d 272, 275–76 (Mo.App. S.D.1995); *St. Paul Fire & Marine Ins. Co. v. Med. Protective Co.*, 675 S.W.2d 665, 667 (Mo.App. E.D.1984). Nor have Borges and Johnson asserted that they otherwise have a legally protected interest that will be directly and adversely affected by the action in question so as possibly to create an exception to this general rule.[6] Therefore, in the absence of a judgment against the cities, Borges and Johnson have failed to allege facts that establish a legal interest in the coverage the Fund may or may not provide to those cities. *See Carden*, 258 S.W.3d at 558; *Ledbetter*, 903 S.W.2d at 275–76; *St. Paul*, 675 S.W.2d at 667.

■ Borges and Johnson argue that this case is different because the Fund is a public entity, not an insurance company. But the Fund's coverage of public entities is similar to, if not indistinguishable from, the coverage that insurers provide to insureds. *See* § 537.705.1.[7] Assuming for the sake of argument that that distinction creates any meaningful difference, Borges and Johnson still lack standing in that they fail to allege facts that establish their claim is ripe. An interest that depends solely on a *probability* that one will be entitled to collect money from another in the future is not ripe for adjudication. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 134–35 (Mo. banc 2007). Here, it is uncertain whether (1) the cities will be found liable to Borges and Johnson; (2) if the cities are found liable, whether Borges and Johnson will be paid, either by the cities themselves or by the Fund; and (3) Borges and Johnson offer no other explanation as to why they are currently, directly and adversely af-

---

5. In addition, depending on the facts of the case, even if a third party has standing to bring a declaratory judgment action against an insurer to determine coverage, it may be necessary to join the insured. *Witty v. State Farm Mut. Auto. Ins. Co.*, 854 S.W.2d 836, 840 (Mo.App. S.D.1993).

6. For instance, Borges and Johnson have not alleged that but for the existence of insurance coverage their claims against the cities will be barred by sovereign immunity. In fact, we know little about· the nature of Borges and Johnson's claims against the cities, other than that they are federal constitutional tort claims pursuant to 42 U.S.C. § 1983. Because state law sovereign immunity generally does not bar a section 1983 claim, *Howlett v. Rose*, 496 U.S. 356, 375–76, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), it does not appear that the effect of the availability of insurance on sovereign immunity is at issue here. Because

the facts do not indicate that sovereign immunity is at issue and Borges and Johnson do not allege that their claims would be barred by sovereign immunity but for a waiver of such immunity due to coverage by the Fund, § 537.610, this opinion does not reach and, therefore, expresses no opinion as to whether a plaintiff might have standing to seek a declaratory judgment regarding Fund coverage if the lack of coverage could be the basis for a claim of sovereign immunity.

7. As noted in footnote 5, we do not address and therefore do not preclude the possibility that the effect of insurance on the existence of sovereign immunity could be a factor in determining whether a petitioner has a currently existing, legally protectable interest sufficient to support standing. However, it is that the insured is a public entity, not that the insurer is a public entity that would be relevant to such an issue.

fected by the alleged rule. Given that under the facts established below, the appellants' interest in the coverage the Fund provides to the cities appears to depend solely on contingencies that may or may not occur, any interest that they may have is not ripe for adjudication. *See id.*

■ Moreover, Borges and Johnson presumably have a remedy at law in that, if the cities are found liable and the Fund refuses to pay, Borges and Johnson can instigate an action against the Fund, wherein the court may decide whether the exclusions are applicable, and, if they are, whether they are void. *See* § 527.010; and *Carden,* 258 S.W.3d at 558. Accordingly, Borges and Johnson have no standing under the general declaratory judgment statute.

With respect to standing, Borges and Johnson: (1) abandoned any argument based on section 536.053; and (2) failed to demonstrate any interest that would support standing under either section 536.150 or 527.010 *et seq.* Point denied.

## II. Whether the circuit court erred in granting summary judgment as opposed to dismissal

Borges and Johnson argue that the circuit court erred in granting summary judgment in that summary judgment is a final judgment on the merits, and that once the circuit court determined that they lacked standing, it was without jurisdiction to reach the merits of their claims. We hold that, once it determined that Borges and Johnson lacked standing, the trial court was without authority to reach any substantive claim, and, thus, dismissal should have been entered.

In the past, we have found that if a party lacks standing sufficient to maintain an action, the court necessarily does not have jurisdiction over the claims presented. *W. Cas. & Surety Co. v. Kansas City*

*Bank & Trust Co.,* 743 S.W.2d 578, 580 (Mo.App. W.D.1988) ("If [appellant] lacked standing, then its petition was subject to dismissal because it failed to establish the requisite subject matter jurisdiction. It must also follow that the trial court, lacking subject matter jurisdiction, could not enter a judgment on the merits for the [respondent]."). Therefore, a claim that a party lacks standing has generally been treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 55.27(a)(1). *See State ex rel. Christian Health Care of Springfield, Inc. v. Missouri Dep't of Health and Senior Serv.,* 229 S.W.3d 270, 276 (Mo.App. W.D. 2007) (quoting *Columbia Sussex Corp.,* 197 S.W.3d at 140–41 (holding that, where a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues)). It remains an open question whether a lack of standing implicates the court's jurisdiction or merely the court's authority, but we need not decide this issue given that this case should have been dismissed under either theory.

Whether considered a claim for lack of subject matter jurisdiction or lack of authority, a court, in disposing of a case for lack of standing, cannot reach the merits. *W. Cas. & Surety Co.,* 743 S.W.2d at 580. Summary judgment, however, is inherently a merits-based disposition of the case. *State ex rel. City of Blue Springs v. Schieber,* 343 S.W.3d 686, 690 (Mo.App. W.D. 2011). As a result, even if the standing argument is raised in a motion for summary judgment or other motion in which matters outside the pleadings are considered, the court must still enter dismissal as opposed to summary judgment.

Therefore, we affirm the circuit court's finding that Borges and Johnson lacked standing and enter the order the circuit

court should have entered, dismissing without prejudice Borges and Johnson's petition. Rule 84.14.

## Conclusion

Borges and Johnson did not meet their burden in establishing that they had standing to maintain their petition. Because Borges and Johnson's petition presents no legally justiciable issue, the trial court should have dismissed their petition without prejudice.

JAMES M. SMART, JR., Judge, and GARY D. WITT, Judge, concur.