

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| MICHAEL KLENC and SUSAN KLENC, | ) | No. ED102819 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Calea F. Stovall-Reid |
| JOHN BEAL, INCORPORATED, | ) | |
| | ) | Filed: |
| Respondent. | ) | December 8, 2015 |

Michael and Susan Klenc appeal from the summary judgment entered in favor of John Beal, Inc. ("JBI"), in which the trial court found that the Klencs lacked standing to sue JBI for breach of a contract. We affirm the judgment as modified.

The Klencs own one of three units at a condominium building; the other units are owned by Eric Ausubel and Helen Becker. The condominium declarations and by-laws provide as follows. Each unit owner is a member of the Raymon Condominium Association ("the Association"), a nonprofit corporation that conducts no business. The Association is the governing body for the maintenance, administration and operation of the condominium property. It has a Board of Managers, which appears to consist of Ausubel as the president and Becker as the secretary and treasurer.

All the unit owners own the common elements of the condominium—defined as any property that is not part of one of the units—as tenants in common in accordance with their respective percentages of ownership interests as set forth in the declarations. The Klencs have a

36% ownership interest in the common elements, and each other unit owner has a 32% ownership interest therein. The unit owners pay for expenses associated with the common elements—maintenance, repair, replacement, administration and operation—in proportion to their percentage of ownership interest. These common expenses are paid to the Association. Maintenance, repairs and replacement of the common elements are to be furnished by the Association.

The Association contracted with JBI to provide brickwork on three of the building's exterior walls and the chimney, which are common elements. The contract is a two-sided form proposal prepared and submitted by JBI to "Raymon Condo Assoc./ Helen Becker." The front side describes the work and the price. At the bottom is a place for the "Owner's Acceptance of Proposal," which indicates that the terms and conditions "on the reverse side" are accepted. Becker and Ausubel signed the proposal on behalf of the Association. On the reverse side, the first listed paragraph states:

> 1. Hereafter, "Owner" and "Your" mean all Owners of the property. If less than all the Owners sign this agreement, the person(s) signing this agreement *expressly represent that they are authorized by all Owners to sign on their behalf and bind them to these terms.*

After the work was completed and paid for, the Klencs filed a petition against JBI alleging breach of contract. They alleged that the term "owner" in the contract meant all owners of the property. They claimed that JBI failed to perform the work as specified in the contract or in a workmanlike manner. According to their affidavits, Ausubel and Becker found JBI's work to be in compliance with the contract. The Klencs sought damages in the amount of $3,358 (which allegedly represented 36% of the amount the Association paid JBI) and $750 in costs the Klencs incurred cleaning up mortar JBI had left behind. JBI moved to dismiss the petition on the ground that the Klencs lacked standing to maintain this action and failed to join the Association

2

as a necessary and indispensable party. In response, the Klencs were granted leave to file an amended petition. Therein, they restated their status as an "owner" under the contract, made similar allegations regarding breach and added a claim against the Association for breach of its fiduciary duty to join the lawsuit as a plaintiff in order to protect the property rights of all the unit owners. JBI then filed a motion for summary judgment, arguing again that the Klencs lacked standing. This time, the court granted the motion. After the Klencs voluntarily dismissed their claim against the Association, the court entered a final judgment, granting summary judgment in JBI's favor. This appeal follows.

First, we note that disposing of a case for lack of standing is not a disposition of the merits of the case. Thus, it is not appropriate to enter summary judgment—an inherently merits-based disposition—when the party seeking relief lacks standing. See Borges v. Missouri Public Entity Risk Management Fund, 358 S.W.3d 177, 180 (Mo. App. W.D. 2012). "As a result, even if the standing argument is raised in a motion for summary judgment or other motion in which matters outside the pleadings are considered, the court must still enter dismissal as opposed to summary judgment." Id. Regardless of the procedural context, our review of the court's determination regarding standing is de novo, and the party seeking relief bears the burden to establish standing. See id. at 181; see also Matter of Adoption of E.N.C., 458 S.W.3d 387, 398 (Mo. App. E.D. 2014). We determine standing as a matter of law on the basis of the petition and the undisputed facts. Matter of Adoption of E.N.C., 458 S.W.3d at 398.

"The essence of standing is that the party seeking relief has a personal interest at stake in the dispute, even if that interest is attenuated, slight or remote." Roberts v. BJC Health System, 391 S.W.3d 433, 438 (Mo. banc 2013). The party seeking relief must show some legally protectable interest in the litigation so as to be directly and adversely affected by its outcome. Id.

3

One is "interested" when he or she has a legal right or liability that will be directly affected by the judgment. Matter of Adoption of E.N.C., 458 S.W.3d at 398.

The Klencs argue that the Condominium Property Act establishes their standing in this lawsuit. That statute provides that "[w]ithout limiting the rights of any unit owner, actions may be brought in the names of the members of the board of managers on behalf of two or more of the unit owners, as their respective interests may appear, with respect to any cause of action relating to the common elements or more than one unit." Section 448.190.1 (applicable to condominiums created before September 28, 1983); see also Uniform Condominium Act, Section 448.3-102.1(4) (applicable to condominiums created after September 28, 1983) (unit owners' association has power to "institute, defend, or intervene in litigation . . . on behalf of itself or two or more unit owners on matters affecting the condominium"). The parties argue about which statute is applicable and dispute whether this condominium was created at the time its declarations were made (September 19, 1983) or at the time of the Association's incorporation (January 6, 2011). We need not resolve this dispute however because these statutes only address the standing of *an association* to sue on behalf of the unit owners, which is not questioned in this case. And while the rights of unit owners are expressly *preserved* in section 448.190, nothing in either statute actually *confers* standing on the unit owners. Rather, standing in this breach of contract case is determined by whether the Klencs are a party to the contract.[1]

Only a party or a third-party beneficiary of a contract may maintain a cause of action for breach of that contract. Verni v. Cleveland Chiropractic College, 212 S.W.3d 150, 153 (Mo.

---

[1] Similarly, the Klencs' standing to bring this breach of contract claim does not depend on their status as tenants in common of the common elements. The cases they cite in support of that basis for standing were not breach of contract cases, in which standing depends on the plaintiff's interest in the contract. See Poetz v. Klamberg, 781 S.W.2d 253, 256 (Mo. App. E.D. 1989) (co-owner of car not precluded from seeking recovery for damages to car after collision with defendant); Winslow v. Sauerwein, 285 S.W.2d 21, 25 (Mo. App. 1955) (one owner of jointly held easement could maintain action to enjoin interference therewith).

banc 2007. To be bound as a third-party beneficiary, the terms of the contract must clearly and directly express intent to benefit that party or an identifiable class of which the party is a member. Id.; see also Drury Company v. Missouri United School Insurance Counsel, 455 S.W.3d 30, 34 (Mo. App. E.D. 2014). Where the contract lacks an express declaration of that intent, there is a "strong presumption" that the third party is not a beneficiary. Verni, 212 S.W.3d at 153. "Third party beneficiary rights depend on, and are measured by, the terms of the contract between the promisor and the promisee." Drury Company, 455 S.W.3d at 34. We must not speculate as to whether the contracting parties intended to benefit the third party. Bear Foot, Inc. v. Chandler, 965 S.W.2d 386, 388 (Mo. App. E.D. 1998).

Here, the Klencs claim that paragraph one on the reverse side of the contract expresses the intent that all the owners of the common elements were third party beneficiaries thereof. We disagree. This preprinted form language in JBI's proposal does not express anything clearly or directly about these parties' intent as to who benefits from the contract. Rather, in the context of this case—where an entity is the party who entered the contract—the language in that paragraph merely indicates that the individual who signed the contract (since an entity cannot sign a document) represents that it had authority to sign for the Association. Moreover, nothing in the contract indicates that JBI intended to assume a direct obligation to anyone other than the Association. "Third party beneficiary status depends not so much on a desire or purpose to confer a benefit on the third person, but rather on an intent that the promisor assume a direct obligation to him." Chesus v. Watts, 967 S.W.2d 97, 106 (Mo. App. W.D. 1998). Absent a clear expression of such intentions, we cannot conclude that the Klencs were third party beneficiaries for purposes of standing to sue for breach of this contract.

Therefore, we affirm the trial court's conclusion that the Klencs lacked standing and enter the order the circuit court should have entered, dismissing without prejudice the Klencs' petition. See Borges, 358 S.W.3d at 184.


ROBERT G. DOWD, JR., Presiding Judge


Mary K. Hoff, J. and
Roy L. Richter, J., concur.

6