

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DUSTIN M. BRAY, | ) | No. ED108971 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1822-CC00911 |
| | ) | |
| TONY Y. LEE, JAMIE S. FUHRMAN, and | ) | Honorable Joan M. Moriarty |
| CHRISTOPHER A. GOHLKE, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 9, 2021 |


Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

### Introduction

Appellant Dustin M. Bray appeals the trial court's summary judgment against him on the basis that he lacked standing to recover for the January 2018 property damage to the rented residence located at 6169 Westminster Place in the City of St. Louis allegedly committed by tenants Tony Y. Lee, Jamie S. Fuhrman, and Christopher A. Gohlke, who are the Respondents here. Respondents' motions for summary judgment asserted as a matter of undisputed fact that Bray was not the owner of, and had no legally protectable interest in, the Westminster property and therefore could not recover for damages because he lacked standing.

We affirm the trial court's finding that Bray lacked standing as a matter of undisputed fact. However, we reverse the summary judgment and remand for entry of an order of dismissal

without prejudice due to the lack of standing on the part of Bray as he was not the owner of, and had no other legally protectable interest in, the Westminster property at any time relevant to this litigation, and therefore the trial court lacked the authority to make a decision based on the merits.

## Background

This case arises from damages that Bray claims occurred to the Westminster property when Respondents, who were college students at nearby Washington University, left the property to return home for Christmas break and lowered the thermostat which Bray claims allowed the water lines to freeze and burst in January 2018, causing extensive damage to the property.  On May 4, 2018, Bray filed his petition for property damages in which he alleged he was the owner of the property and therefore had suffered the damages and could seek recovery.

On January 9, 2019, Respondents each filed an answer to Bray's petition in which they asserted that Bray was not the real party in interest and lacked standing to maintain and prosecute this action because he was not the record owner of the Westminster property.  In addition to Bray's lack of standing, Respondents also asserted that Bray failed to join the actual owners who were necessary parties, and that Bray should be judicially estopped as he had taken the position in other litigation that others owned the subject property.  Finding that Bray lacked the requisite standing to recover on his claims, the trial court granted the Respondents' motions for summary judgment on February 4, 2020, and dismissed the case with prejudice against Bray.  This appeal follows.

Bray raises three points on appeal.  First, Bray claims that the trial court erred in granting summary judgment against him as it lacked subject matter jurisdiction to enter such a judgment because it found Bray had no standing.  Second, Bray claims that the trial court erred in finding

that he lacked a legally protectable interest in the property and therefore lacked standing to collect damages because he claims he established as a matter of undisputed fact that he was the fifty-percent owner and property manager, that he serviced the property, and that he collected rents as the acting landlord. And finally, Bray claims that the trial court erred in not granting his request to amend his petition to join purported owners Kimberly Sexton and Equity Trust Company FBO #79987 as necessary parties.

Because our disposition of the first point regarding standing is dispositive, we need not address Bray's second and third points. We affirm on the issue of standing, and we reverse the judgment of the trial court and remand for entry of dismissal without prejudice due to the lack of standing on the part of Bray.

### Standard of Review

Standing is a question of law that we review de novo. *St. Louis Ass'n of Realtors v. City of Ferguson*, 354 S.W.3d 620, 622-23 (Mo. banc 2011) (citing *Ste. Genevieve Sch. Dist. R–II v. Bd. of Alderman of the City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002)). Standing is the antecedent to relief, and the party seeking relief bears the burden of establishing standing. *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011). To assert standing successfully, a party must have a legally protectable interest, even if that interest is attenuated, slight, or remote. *St. Louis Ass'n of Realtors,* 354 S.W.3d at 622 (citing *Comm. for Educ. Equality v. State*, 294 S.W.3d 477, 484 (Mo. banc 2009)).

### Discussion

#### 1.      Bray lacks standing.

The preliminary issue before us is whether Bray has standing to pursue his claims against Respondents. Prior to the 2009 case of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo.

3

banc 2009), standing was often referred to in terms of jurisdiction or, more specifically, subject matter jurisdiction. *Schweich v. Nixon*, 408 S.W.3d 769, 774 n.5 (Mo. banc 2013). However, in *Webb,* the Missouri Supreme Court explained that the concept of standing is better understood as a matter of justiciability, that is, of a court's authority to address a particular issue when the party suing has no justiciable interest in the subject matter of the action. *Pinkowski v. Washington University*, 451 S.W.3d 354, 356 (Mo. App. E.D. 2014) (quoting *Schweich*, 408 S.W.3d at 774 n.5). Standing is a prerequisite to this Court's authority to address the substantive issues; it must be addressed before all other issues and must be shown to be present prior to any adjudication on the merits. *Schweich*, 408 S.W.3d at 774 (quoting *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012)); *see also Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002).

Therefore, this Court must first determine whether there is a justiciable controversy present. Justiciability is a 'prudential' rather than a jurisdictional doctrine and, prior to addressing the substantive issues on appeal, we must determine whether a case meets the requirements for a justiciable controversy. *Schweich*, 408 S.W.3d at 773. A justiciable controversy exists where (1) the plaintiff has a legally protectable interest, (2) a substantial controversy exists between genuinely adverse parties, and (3) that controversy is ripe for judicial determination." *Id*. (quoting *Mo. Health Care Ass'n v. Attorney Gen. of Mo.*, 953 S.W.2d 617, 620 (Mo. banc 1997)). It is the first two elements that encompass the concept of "standing" and, as discussed *infra*, it is the first element that Bray has failed to establish. *Id.* at 774.

Thus, prudential principles of justiciability, to which this Court has long adhered, require that Bray have standing to bring his action and we have a duty to determine if Bray has standing before addressing the merits of his claims. *Id*. To establish standing, a party seeking judicial relief with respect to property must show they have a valid, legally protectable interest in the

4

property at issue so as to be directly and adversely affected by the outcome of any litigation regarding the property. *Continental Coal v. MO Land Reclamation*, 150 S.W.3d 371, 378 (Mo. App. W.D. 2004); *see also Mo. State Med. Ass'n v. State*, 256 S.W.3d 85, 87 (Mo. banc 2008) (citing *Ste. Genevieve Sch. Dist.*, 66 S.W.3d at 10 (Mo. banc 2002)). In cases where the injury pertains to <u>real property</u>, standing is in the present owner alone and not in any subsequent purchaser or successor in title. *Continental Coal,* 150 S.W.3d at 381. Damages in such matters are suffered by the owner of the property at the time the damage was ascertained or, at the very least, at the time the litigation was commenced. *State ex rel. City of Blue Springs v. Nixon*, 250 S.W.3d 365, 370 (Mo. banc 2008); *see also id*.

Accordingly, whether Bray has standing to prosecute these claims against Respondents depends on whether he can prove that he had an ownership interest, or some other legally protectable interest, in the Westminster property either at the time the damages occurred or at the time he commenced this action. Therefore, to meet his burden of proof to show he had the requisite standing to prosecute his claims, Bray must show that he was the real owner of, or had some other legally protectable interest in, the Westminster property in January 2018, when the damages were allegedly sustained or at the commencement of this litigation in May 2018. He has failed to do so.

The trial court reached the correct conclusion on this record that Bray lacked standing because he failed to produce any evidence that he had an ownership or any other type of legally protectable interest of any kind in the property at issue. Bray certainly failed to establish that he possessed any written instrument conveying an interest in real estate and recorded in the office of

5

the recorder of deeds in the jurisdiction where the real property at issue is located pursuant to § 442.380.[1] *See also* RSMo § 442.390, § 442.400.

Instead, Bray presented to the trial court a potpourri of pleadings and litigations involving the Westminster property, none of which demonstrated that Bray was the owner. By way of example, one matter Bray relied on was a quiet title action filed six months after he filed this action in May 2018, and eleven months after the damage to the Westminster property allegedly occurred. *See Continental Coal,* 150 S.W.3d at 381 ("If a plaintiff at the time of commencing an action has no valid and subsisting title or right to the subject thereof, the plaintiff's subsequent acquisition, or perfection, of a right or title to the subject of the action during the pendency thereof will not remedy the defect so as to enable the plaintiff to maintain the action.") More importantly, this quiet title matter is still pending and therefore has not judicially established that Bray is, or at any time was, an owner of the Westminster property.

Point one is denied, and we need not address Bray's other two points on appeal.

## 2. Respondents' motion for summary judgment should have been granted without prejudice.

Bray's lack of a legally protected interest in the Westminster property and his resulting lack of standing dictate that there is no justiciable case or controversy present. Regardless of an action's merits, unless the parties have proper standing, a court may not entertain the action. *Manzara*, 343 S.W.3d at 658. Summary judgment is inherently a merits-based disposition of a case. *Borges v. Missouri Public Entity Risk Management Fund*, 358 S.W.3d 177, 183 (Mo. App. W.D. 2012). Therefore, a motion for summary judgment claiming that a party lacks standing has generally been treated as a motion to dismiss. *Id.*

---

[1] All statutory references are to RSMo 2018 unless otherwise stated.

In cases where a trial court dismisses a claim for lacking of standing via entry of summary judgment, the appellate remedy is (1) to affirm the trial court's conclusions with respect to standing, and (2) to then resolve the issues presented as the trial court should have, dismissing the claims of the party with deficient standing without prejudice. *Id.* at 179, 183-84; *see also Klenc v. John Beal, Inc.*, 484 S.W.3d 351 (Mo. App. S.D. 2015). As a consequence of Bray's lack of standing, we in turn lack the authority to address the substantive issues presented, or to grant the appellate relief requested. Instead, we must treat the Respondents' motion for summary judgment as a motion to dismiss and provide the only available remedy as set forth in *Borges* and *Klenc*.

## Conclusion

For the reasons set forth above, we affirm the trial court's finding that Bray lacked standing. We reverse the trial court's judgment dismissing Bray's petition with prejudice and instead remand for entry of an order of dismissal without prejudice.

_____
James M. Dowd, Judge

Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.