

# IN THE MISSOURI COURT OF APPEALS
# EASTERN DISTRICT

**DIVISION TWO**

| | | |
|---|---|---|
| JOHN J.P. DOE, | ) | No. ED112916 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | Cause No. 2222-CC09350 |
| | ) | |
| ARCHDIOCESE OF ST. LOUIS, | ) | Honorable Jason M. Sengheiser |
| Et Al., | ) | |
| | ) | Filed: October 14, 2025 |
| Respondents. | ) | |

## Introduction

John Doe ("J.D.") appeals the grant of summary judgment in favor of Father Alexander Anderson ("Fr. Anderson") and the Archdiocese of St. Louis ("Archdiocese") (collectively, "Respondents") on the grounds that J.D. lacked standing to bring his claims of childhood sexual abuse against Fr. Anderson and intentional failure to supervise clergy against the Archdiocese. In his sole point on appeal, J.D. contends the trial court erred in granting summary judgment in favor of Respondents because his cause of action accrued when he recovered his memory of the abuse—not prior to him filing for bankruptcy—and therefore he has standing to bring his cause of action.

This Court holds J.D.'s cause of action accrued at the time he recovered his memory of the alleged sexual abuse he suffered as a child, which occurred years after he

filed for bankruptcy. As a result, J.D.'s cause of action did not become the property of the bankruptcy estate and he has standing to pursue his action against Respondents.

Accordingly, the trial court's judgment is reversed.

## Background

On August 25, 2022,[1] J.D. filed the underlying suit asserting the following counts: childhood sex abuse (Count I); action for civil conspiracy (Count II); intentional failure to supervise clergy (Count III); breach of special relationship/duty (Count IV); fraud and conspiracy to commit fraud (Count V); constructive fraud (Count VI); intentional infliction of emotional distress (Counts VII-VIII); and negligence (Count IX). The petition alleged that, in the late 1980's, J.D. resided at St. Joseph's Home for Boys (the "Home"), a Catholic residential home for youth, which was associated with the Archdiocese. Fr. Anderson was a priest assigned to work at the Home as a counselor. J.D. alleged Fr. Anderson sexually abused him while he resided at the Home and even though he reported the abuse, no action was taken. J.D. alleged he repressed his memory of the abuse until 2016.

Respondents filed a motion to dismiss for failure to state a cause of action. The trial court granted the motion as to Counts II, IV, V, VI, VII, VIII, and IX. Respondents subsequently filed a motion for summary judgment on the two remaining counts, arguing J.D. lacked standing to bring the remaining claims. Respondents claimed J.D.'s cause of

---

[1] J.D. initially filed his lawsuit in February of 2020 in state court, but the matter was removed to federal court. The federal claims were ultimately dismissed and the state claims were refiled in the underlying case.

action was the property of the bankruptcy estate because he filed for bankruptcy on two separate occasions and both times he failed to list the cause of action as exempt on the schedule of assets, as required by bankruptcy laws. Respondents maintained that, despite J.D. having no recollection of the alleged abuse at the time he filed for bankruptcy, the cause of action is still the property of the bankruptcy estate. The summary judgment record provided that J.D. first filed a Chapter 7 petition for bankruptcy in 2008 in the United States Bankruptcy Court, Eastern District of Missouri, and the bankruptcy was closed later that same year. Then, in 2009, J.D. again filed a Chapter 7 bankruptcy and it was discharged with a final decree in 2010. In both cases, a trustee was appointed to manage J.D.'s bankruptcy estate. J.D. opposed the motion, arguing he repressed the memories of the abuse and thus his cause of action did not accrue until his claims were capable of ascertainment, which occurred in 2016, well after he filed for bankruptcy. Thus, J.D. asserted he had standing to bring his claims. The trial court granted Respondent's motion for summary judgment.

This appeal follows.

**Standard of Review**

J.D. appeals the trial court's entry of summary judgment in favor of Respondents on the grounds he lacked standing. This Court notes that "it is not appropriate [for a trial court] to enter summary judgment—an inherently merits-based disposition—when the party seeking relief lacks standing." *Klenc v. John Beal, Inc.*, 484 S.W.3d 351, 354 (Mo. App. E.D. 2015). Consequently, "even if the standing argument is raised in a motion for summary judgment or other motion in which matters outside the pleadings are

3

considered, the court must still enter dismissal as opposed to summary judgment." *Id.* (quoting *Borges v. Missouri Public Entity Risk Management Fund*, 358 S.W.3d 177, 180 (Mo. App. W.D. 2012)). Irrespective of the procedural context and the trial court's technical error, this Court's review of "the [trial] court's determination regarding standing is de novo, and the party seeking relief bears the burden to establish standing." *Id.*

## Point I – Standing

In his sole point on appeal, J.D. contends the trial court erred in granting summary judgment in favor of Respondents based on a lack of standing. J.D. asserts his cause of action accrued when he recovered his memory of the abuse. As a result, J.D. argues, the cause of action was not the property of the bankruptcy estate and he has standing to bring his claims.

To dispose of the issue on appeal, this case turns on when J.D.'s cause of action accrued. For support, J.D. points to Missouri law while Respondents rely on federal bankruptcy caselaw. Applying Missouri law, this Court finds J.D.'s cause of action accrued when he recovered his memory of the alleged sexual abuse in 2016 and, therefore, he has standing to bring the underlying cause of action.

For context, we first begin with some background on bankruptcy law. "The commencement of a bankruptcy case creates an estate that includes nearly all of the debtor's legal or equitable interests in property[,]" including causes of action. *Reynolds v. Berger*, 649 S.W.3d 322, 328 (Mo. App. E.D. 2022) (citing 11 U.S.C. section 541(a); *In re Peoples*, 764 F.3d 817, 820 (8th Cir. 2014)). Upon appointment of the trustee to the

estate, "a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed." *Id.* (quoting *In re Brokaw*, 452 B.R. 770, 773 (Bankr. E.D. Mo. 2011)). As a result, "[o]nly the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Id.* (quoting *Brokaw*, 452 B.R. at 773). The debtor's property that becomes part of the bankruptcy estate "remains in the estate until it is administered, abandoned, or when the case closes (if the property has been disclosed)." *Id.* (quoting *In re Boisaubin*, 614 B.R. 557, 562 (B.A.P. 8th Cir. 2020)). However, "[t]he bankruptcy code lists exemptions the debtor may claim from property of the estate." *Asmus v. Capital Region Family Practice*, 115 S.W.3d 427, 431 (Mo. App. W.D. 2003).

Even though Respondents concede this Court is bound by Missouri law,[2] they rely upon *Boisaubin*, 614 B.R. 557,[3] a federal bankruptcy case. Respondents argue that

---

[2] At oral argument, Respondents' counsel conceded that this Court is bound to follow Missouri law.

[3] In *Boisaubin*, the bankruptcy appellate court was tasked with deciding whether the appellant's civil cause of action was property of the Missouri bankruptcy estate which held his property. *In re Boisaubin*, 614 B.R. at 561. Appellant's civil action alleged that, in the 1970's, he was sexually assaulted by a member of the Marianist Province and faculty at the appellant's high school. *Id.* at 560. Appellant claimed he did not regain his memory of the alleged assault until 2012. *Id.* at 562.

On appeal, appellant asserted that due to his repressed memory of the assault, the statute of limitations on his claim had not run under Missouri law at the time he filed the action in state court. *Id.* at 560. The court in *Boisaubin* found that "[w]hile Appellant asserts that he did not have a cause of action at the time he filed his bankruptcy cases because he did not regain his memory of the alleged assault until 2012, a cause of action is property of the estate even if a debtor was not aware of it." *Id.* at 562. In support, the court cited multiple federal cases for the proposition that "[a] cause of action can accrue for ownership purposes in a bankruptcy proceeding before the statute of limitations begins to run." *Id.* n.20 (quoting *In re Alvarez*, 224 F.3d 1273, 1276 n.7 (11th Cir. 2000)).

pursuant to *Boisaubin*, a debtor's causes of action are property of the bankruptcy estate, including those "where a debtor does not have actual knowledge of a cause of action during his pendency of the bankruptcy." Respondents contend J.D.'s cause of action arose "from events that occurred well before either of his bankruptcy filings." Thus, Respondents posit, since J.D. did not list his claims as exempted assets, they became part of the bankruptcy estate when J.D. filed for bankruptcy in 2008 and 2009, and only the trustee of the estate has standing to bring the underlying cause of action.[4] On the other hand, J.D. asserts his cause of action accrued after he filed for bankruptcy and thus he—not the bankruptcy trustee—has standing to bring the cause of action. J.D. also contends bankruptcy caselaw does not supersede well-established Missouri law regarding when a cause of action accrues. We agree.

This Court declines to apply *Boisaubin* as we cannot ignore Missouri statutes or well-established Missouri precedent. In determining when the appellant's cause of action accrued, the *Boisaubin* court relied solely on federal caselaw and did not consider Missouri law. In particular, the *Boisaubin* court ignored § 516.100,[5] which governs the accrual of a cause of action in Missouri, as well as Missouri caselaw interpreting said statute. Although federal precedent is considered persuasive authority, it is "not binding on this court interpreting our own state statute." *Russell v. Healthmont of Missouri, LLC*,

---

[4] At oral argument, Respondents could not confirm or support their claim that the bankruptcy estate could be reopened to afford J.D. an opportunity to disclose his claims. This concession undermines their argument that the appointed trustee, rather than J.D., has standing to pursue the underlying cause of action.

[5] All references are to Mo. Rev. Stat. Cum. Supp. (2022).

348 S.W.3d 784, 787 (Mo. App. W.D. 2011) (citation omitted); *see also Dilley v. Valentine*, 401 S.W.3d 544, 552 (Mo. App. W.D. 2013) ("While federal court decisions are not binding on this court, they are persuasive authority."). This Court is bound to follow Missouri law, including the most recent controlling decision of the Supreme Court of Missouri. *See Boles v. City of St. Louis*, 690 S.W.3d 592, 606 (Mo. App. E.D. 2024).

Section 516.100 governs the accrual of J.D.'s cause of action and expressly provides:

> Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, **the cause of action shall not be deemed to accrue when the wrong is done** or the technical breach of contract or duty occurs, **but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained**. (emphasis added).

"In general, a cause of action accrues, so as to *start* the running of the statute of limitations, as soon as the right to maintain a legal action arises." *Day Advert., Inc. v. Hasty*, 606 S.W.3d 122, 135 (Mo. App. W.D. 2020) (quoting *Pancake House, Inc. v. Redmond*, 716 P.2d 575, 579 (1986)) (emphasis added). The Supreme Court of Missouri has explained that, in cases of repressed memory of childhood sexual abuse, such as here, the accrual of a cause of action is determined differently than in other civil cases. Specifically, the Supreme Court stated:

> If the memory of the wrong was repressed before the victim had notice both that a wrong had occurred and that substantial damage had resulted, or before the victim knew sufficient facts to be put on notice of the need to inquire further as to these matters, then the claim would not yet have accrued at the time that the victim repressed his or her memory of the

> events. From that point forward, until the memories were regained, while the victim might have suffered damage, the victim would not have sufficient notice to have a duty to inquire further. Only when he or she regained the repressed memories would the victim for the first time have "reason to question" defendant's conduct and have information sufficient "to place a reasonably prudent person on notice of a potentially actionable injury."

*Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 584 (Mo. banc 2006) (quoting *Bus. Men's Assur. Co. of Am. v. Graham*, 984 S.W.2d 501, 507 (Mo. banc 1999)). In making its determination, the Supreme Court reasoned that "in some cases the victim may be so young, mentally incompetent or otherwise innocent and lacking in understanding that the person could not reasonably have understood that substantial harm could have resulted from the wrong." *Id.* at 585. Missouri law is clear as to when an action accrues, and neither the Supreme Court of Missouri nor any Missouri statute have carved out an exception for bankruptcy purposes.

Applying § 516.100 and Missouri caselaw interpreting this statute to the present case, we find J.D.'s cause of action did not accrue when the wrong took place, i.e. when the sexual abuse was allegedly committed. Rather, the cause of action accrued when it was capable of ascertainment, i.e. when J.D. regained his memory in 2016. Because the cause of action accrued subsequent to the filing of bankruptcy, the cause of action is not the property of the bankruptcy estate. Consequently, J.D., not the trustee of J.D.'s bankruptcy estate, has standing to bring his cause of action against Respondents. *See Laiben v. Roberts*, 936 S.W.2d 220, 222 (Mo. App. E.D. 1996) (finding appellants' legal malpractice claim was not part of the bankruptcy estate because, even though appellants relied on attorney's advice prior to the filing of bankruptcy, their claim could not have

8

accrued until the damages were sustained and capable of ascertainment). Therefore, we find the trial court erred in finding J.D. lacked standing to bring his cause of action.

## Conclusion

For the reasons stated above, we reverse the judgment of the trial court and the cause is remanded for further proceedings consistent with this opinion.

_____
Michael S. Wright, Presiding Judge

Philip M. Hess, J. and
Virginia W. Lay, J. concur.